**LOUISIANA FARM SUPPLY COMPANY,**
Plaintiff-Appellant,

v.

**FEDERAL MUTUAL INSURANCE COM-
PANY, Defendant-Respondent.**

No. 32361.

St. Louis Court of Appeals.

Missouri.

Nov. 15, 1966.

Charles Clayton, Clayton & Mattern, Clarksville, for plaintiff-appellant.

McIlroy & Millan, Bowling Green, for defendant-respondent.

TOWNSEND, Commissioner.

Action on an insurance policy, headed "Comprehensive Liability Policy—Combination Automobile and General Liability Form." Defendant's motion for summary judgment was sustained. The insured appeals.

Plaintiff's petition was in six counts, the first five of which alleged errors on the part of plaintiff's employees in making repairs, successively, on a caterpillar, a diesel tractor, a truck, a Hercules motor and another engine, which the respective owners had left with plaintiff under contracts for repairs. Each such count specified the expense to which the plaintiff had been put in rectifying such errors, alleged the presentation of paid vouchers and other memoranda covering the same to the defendant's agent and asserts the continuing refusal of defendant to pay each claim so presented. In the sixth count plaintiff alleged vexatious and unreasonable delay, asked damages therefor and for an attorney's fee of $1000.

The policy was put into evidence by stipulation. Interrogatories were propounded by defendant and answers thereto were returned in due course. Hence the court had before it, in addition to the petition, the answer of defendant and plaintiff's reply, the policy and the answers to the interrogatories. The award of the summary judgment was based upon the court's conclusion that plaintiff had not satisfied conditions precedent specified in the policy, namely,

"10. When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable.

12. * * * The insured shall not, except at his own cost, voluntarily make any payments, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident.

13. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insurer's obligation to pay shall have been fully determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."

We set down in tabular form plaintiff's answers to the interrogatories:

| | When Accident or Damage occurred | Date of Notification to defendant | Date of Repairs |
|---|---|---|---|
| Count I | Winter, 1961 | November 15, 1962 | unknown |
| Count II | June 18, 1960 | November 15, 1962 | June 25, 1960 |
| Count III | April 19, 1958 | November 15, 1962 | April, 1958, Feb. 17, 1960 and Sept. 17, 1962 |
| Count IV | October 27, 1961 | November 15, 1962 | Nov. 11, 1961, Dec. 1, 1961 & Dec. 14, 1961 |
| Count V | October 22, 1960 | November 15, 1962 | Nov. 11, 1960, June 9, 1961 & July 10, 1961 |

From this tabulation it is perfectly obvious that in respect to Counts II, III, IV and V the condition precedent of notice "as soon as practicable" was not satisfied.

Plaintiff's answer as to the date of repairs to the vehicle described in Count I contradicts the allegations of the petition which assert that field repairs were made on May 1, 1962 and May 22, 1962, "when it was discovered that the plaintiff's mechanic, during the winter overhaul, had inserted the pistons backward in the caterpillar; * * *." For such repairs plaintiff says it paid $297.41 in November, 1963. Furthermore, the petition alleges that the caterpillar was overhauled in October 1963, at a cost of $320.94, "all due to the mechanics having inserted the pistons backwards; * * *."

■ Interrogatory No. 7 put to plaintiff the question of whether or not voluntary payments or voluntary repairs were made before notification was made to defendant—under each count. The answer: "Count I, no; Count II through V, yes." As before, it is clear that in respect to Counts II through V, the condition relating to voluntary payments or assumption of obligations was not satisfied.

■ The petition alleges that plaintiff paid a total of $618.35 for repairs to the vehicle described in Count I. These payments were made to a machinery repair company and although not made until the latter part of 1963 they were certainly voluntary in the sense that they were not made with the acquiescence of the defendant and were not made after an adjudication of plaintiff's liability therefor.[1]

■ The appellant first maintains that a summary judgment is not available under Supreme Court Rule 74.04, V.A.M.R., because there are issues of material fact in the case. The difficulty with this position is that most of the alleged issues of fact

are not issues of fact at all but are issues of law. Such issues the appellant derives from defendant's answer and the denials thereof contained in plaintiff's reply. Thus, the answer states that the damages incurred by plaintiff are not insured under the policy; this plaintiff denied. How this presents an issue of fact is a mystery. Similarly plaintiff's denial of defendant's allegation that plaintiff's voluntary payment of some of the claims was in violation of the policy and so barred any action presented no issue of fact. Likewise plaintiff's contention that its failure to give prompt notice of the items comprehended in Counts II through V was not prejudicial to defendant raises the fundamental question of whether or not a conditional promise of a contracting party is made unconditional by the fact that failure to satisfy the condition does not prejudice the promisor. That certainly is a question of law.

### As to Issues of Fact

1. Defendant's answer asserted that the damages stated in each of plaintiff's counts are work products of plaintiff and that such damages were caused by the gross negligence of plaintiff's employees. Plaintiff's reply denies these allegations. We find such denial inconsistent with the allegations of the petition in which plaintiff sets out the following causes of the damages:

As to Count I: Plaintiff's mechanic inserted the pistons backward in the caterpillar.

As to Count II: Employees of the plaintiff failed to add oil to the diesel tractor.

As to Count III: Employees of the plaintiff inserted the rod inserts upside down in the truck.

As to Count IV: Plaintiff's employees inserted a detergent oil into the motor, "whereas in fact a non detergent oil was what was required."

---

1. All other repairs were made by the plaintiff except for an item shown in the tabulation under date of September 17, 1962.

As to Count V: Same as Count IV. Damages "all due to the insertion of the wrong oil."

Under this head no issue of material fact can be found.

■ 2. Plaintiff maintains that it "clearly stated that it did give prompt and timely notice of the accident contained in Count I to the defendant * * *." If this refers to a statement—an allegation—contained in the petition, we must say that we do not find such statement therein. The petition shows that repairs were made to the Count I vehicle in May 1962 and that memoranda relating thereto were presented to defendant's local agent on or about November 15, 1962. The answer to interrogatories shows that defendant was notified of the claim on the latter date. Plaintiff's reply to defendant's answer says that "plaintiff contends that it did give prompt and timely notice of the accident contained in Count I * * *." Thus, we do find an issue of fact here, viz., whether notification was made to defendant "as soon as practicable" after the relative accident occurred, as the policy required.

■ And so, after winnowing out all the chaff, we find only the last posed question of fact remaining in the picture. We turn to the terms of Rule 74.04 and find in paragraph (c) that it is provided: "Judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Adverting to the contract in the present case, we find that the defendant would come under a duty of performance only if two conditions precedent, among others, were satisfied, namely, notice of claim as soon as practicable and non-payment and non-settlement of a claim by the insured. If either of such conditions is not satisfied, the defendant comes under no duty of performance. Hence, even if plaintiff did give notice of the claim stated in Count I as soon as practicable but did make payment of such claim or assume an obligation therefor without the participation of the defendant, the defendant would come under no duty to pay. Under such circumstances, it would be immaterial whether plaintiff gave the proper notice or not because such facts would show that defendant "is entitled to a judgment as a matter of law."

■ Plaintiff's argument characterizes the coverage of the insurance policy as "indemnity" insurance and not "liability" insurance. In its turn, defendant maintains that the injuries and damages of plaintiff, sustained in the manner stated in the petition, were not risks comprehended within the terms of the policy. The trial court did not rule on this phase of the controversy; nor was there any need to do so. Regardless of the category to which one might consign the policy, the conditions precedent were clearly specified and were applicable; nothing turned upon the *type* of insurance provided.

The summary judgment was entered in accordance with the terms of Rule 74.04 and should be affirmed.

PER CURIAM.

The foregoing opinion by TOWNSEND, C., is adopted as the opinion of this Court. Accordingly, judgment is affirmed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.