**MFA MUTUAL INSURANCE COMPANY, a corporation, Plaintiff-Respondent,**

v.

**Ocia DUNLAP, Defendant,**

**and**

**Earl L. Richardson, Jr., Defendant-Appellant.**

No. 35970.

Missouri Court of Appeals, St. Louis District, Division Three.

May 20, 1975.

Motion for Rehearing or Transfer Denied June 26, 1975.

Application to Transfer Denied Sept. 8, 1975.

Dearing, Richeson, Roberts & Wegmann, Hillsboro, for defendant-appellant.

Roberts & Roberts, Geoffrey L. Pratte, Farmington, for plaintiff-respondent.

GUNN, Judge.

This appeal stems from a declaratory judgment finding that a policy of insurance effected by plaintiff-respondent MFA Mutual Ins. Co. to St. Francois County Reorganized School District R–1 did not afford protection to Earl L. Richardson with respect to an automobile-school bus collision. The issue before us is whether the policy of insurance covers Earl L. Richardson.

The facts giving rise to this appeal follow. Ocia Dunlap's wife was killed when her automobile was struck from the rear by a school bus owned by St. Francois County Reorganized School District R–1. The driver of the school bus was Kenneth Owens, an employee of the school district. Earl L. Richardson was a mechanic employed by the school district who had responsibility of maintaining the school district's buses, including the bus involved in the accident

which killed Ocia Dunlap's wife. Ocia Dunlap filed suit against the school district, Kenneth Owens and Earl L. Richardson seeking damages for the wrongful death of his wife.[1] MFA has agreed that it issued a contract of liability insurance insuring the school district buses, and by reason of the policy of insurance and within the limits of its coverage, MFA has undertaken the defense of Kenneth Owens, the bus driver. However, the dispute which is central to this case is whether the policy of insurance covers Earl L. Richardson, the mechanic. That dispute forms the basis of the declaratory action which we consider on this appeal, with the trial court declaring that Earl L. Richardson was not covered under the terms of the policy.

The named insured under MFA's policy of insurance is "Reoganized School District R–1." The pertinent portions of the basic policy provide:

"II—Automobile Liability Insurance

1. COVERAGE A—Bodily Injury Liability;
   COVERAGE B—Property Damage Liability—The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:
   A. Bodily injury sustained by any person;
   B. Property damage sustained by any person; caused by accident and arising out of the ownership, *maintenance, or use* of the described automobile . . .

4. Persons Insured—With respect to the insurance afforded under Coverages A and B, the following are insureds:
   (a) With respect to the described automobile,
   (1) the named insured . . . , (2) *any other person using such automobile* with the permission of the named

insured . . . , provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission. . ." (emphasis added)

An endorsement to the policy of insurance provides:

2. *The insurance applies only to the Named Insured, to the School District, to the School Board and the individual members thereof, and to the owner and operator of the automobile*, as Insured;

3. 'School Bus' use is defined as:

   .    .    .    .    .

   (d) Operations necessary and incidental to such transportation." (emphasis added)

The trial court rendered judgment for MFA to the effect that Earl L. Richardson was not an insured, did not have control or use of the bus at the time of the accident and was not a named insured or owner or operator of the bus; that, therefore, MFA did not owe a defense to Earl L. Richardson.

On appeal, Richardson argues that the terms of the policy are sufficiently broad to provide him with coverage. Richardson refers to paragraph 1,B of the basic policy and emphasizes that coverage is provided for damages arising out of the maintenance or use of the bus; that since Richardson was responsible for the maintenance of the bus, the policy was clearly designed to cover his activities. Richardson also asserts that maintenance of the bus is a "use" of the bus. His excellent brief sets forth substantial law which has categorized maintenance as a use of a vehicle or from which it could be determined that a logical extension of the word "use" would include maintenance. He then directs attention to the omnibus clause set forth in paragraph II,4 of the basic policy providing for coverage for "any

[1]. The trial court dismissed Ocia Dunlap's petition against the school district on grounds of governmental immunity, and that matter has not been brought before us.

other person using" the bus and concludes that Richardson's use of the bus through the maintenance thereof places him squarely within the coverage provisions of the policy.

Richardson faces the challenge of paragraph 2 of the endorsement—which he admits does not include him, as he was not the named insured or owner or operator of the bus—and maintains that the endorsement does not change or eliminate the basic contract which provides Richardson with coverage. Richardson further argues that if there is a conflict between the basic policy which giveth coverage and the endorsement which taketh away, the conflict must be resolved against the insurance company and the policy given its broadest application in favor of coverage.

Thus, Richardson's argument is threefold: 1) that the MFA policy specifically provides coverage for damages arising out of the maintenance of the buses; 2) that maintenance is a "use" of the bus, and under the omnibus provisions of the policy, coverage is extended to anyone using the bus; 3) that conflict, if any, between the endorsement and the basic policy must be resolved in favor of providing coverage for him.

MFA's chief contention is that the endorsement clearly limits the printed policy so as to exclude Richardson from coverage. And, in spite of Richardson's fine presentation, we find that the endorsement presents an insuperable barrier to Richardson's right to coverage under the MFA policy. We must, therefore, affirm the judgment of the trial court.

 In reaching our decision, we are guided by the following basic tenets: 1) all provisions of an insurance policy should be given effect, and a reasonable construction must be given in the light of the specific situation with which the parties are dealing. *Brugioni v. Maryland Cas. Co.*, 382 S.W.2d 707, 712 (Mo.1964); 7 Blashfield, Automobile Law and Practice, § 292.8 at 224 (3d ed.

1966); 2) the policy of insurance and endorsement thereto should be construed together unless they are in such conflict that they cannot be reconciled. *Cain v. Robinson Lumber Co.*, 365 Mo. 1238, 295 S.W.2d 388, 390–391 (banc 1956); 13 Appleman, Insurance Law and Practice § 7537 at 290–291 (1943); 3) "It is equally well settled law in Missouri that even if the language of an endorsement (here, the exclusionary provisions) could be said to be in conflict with the printed or general provisions of the booklet policy, the language of the endorsement will prevail. Stated differently, if the general or printed provisions of the policy are clearly limited by an effective endorsement, the limitation will be enforced and no ambiguity, as such term is recognized in contract law, is thereby created." *Barton v. American Family Mut. Ins. Co.*, 485 S.W.2d 628, l.c. 632 (Mo.App.1972), and cases cited therein; 4) "It is unquestionably true and the settled law of Missouri that, where the language of a policy is clearly and unequivocally limited by a document attached to the printed policy by the insurer or its authorized agents and pursuant to the agreement of the parties, the subsequent limitation will be given effect, and no ambiguity is created because of the conflict with the printed portions of the policy." *Empire Fire and Marine Ins. Co. v. Brake*, 472 S.W.2d 18, l.c. 23 (Mo.App.1971), and cases cited therein; 5) where an insurance contract is written in plain and unambiguous terms, it is not the function of the court to construe the language of the policy in favor of the insured. *Automobile Club Inter-Ins. Exch. v. Diebold*, 511 S.W.2d 135, 137 (Mo. App.1974); 6) unless some public policy or statutory interdiction exists, parties to an insurance policy may, by agreement, limit the liability of the insurer to the insured. *Automobile Club Inter-Ins. Exch. v. Diebold, supra*; *Webb v. State Farm Mut. Auto Ins. Co.*, 479 S.W.2d 148, 150 (Mo.App. 1972); 7) The court cannot make a new contract and create an ambiguity for the parties in order to give the policy a distorted or forced construction. *First Nat'l Bank*

*of Malden v. Farmers New World Life Ins. Co.,* 455 S.W.2d 517, 523 (Mo.App.1970).

■ With the foregoing legal maxims before us, it is manifest that the endorsement excludes Richardson from coverage. The endorsement explicitly limits coverage to the named insured (the school district), the school board and its members, to the owner of the bus and to the operator of the bus (Kenneth Owens). The plain language of the endorsement is restrictive in the number of persons insured. Richardson, whether by name or job description, is not listed as a person covered. We find no ambiguity between the provisions of the basic policy and the endorsement. The language of the policy is clearly and unequivocally limited by the endorsement, which does not include Richardson, and the limitation of the endorsement must be given effect to exclude Richardson from coverage, thereby limiting the liability of MFA in accordance with the clear provisions of the endorsement. *Barton v. American Family Mut. Ins. Co., supra* ; *Empire Fire and Marine Ins. Co. v. Brake, supra.*

We need not rule on whether maintenance or the work performed by Richardson is a use covered within the policy. Our decision turns on the issue of whether the policy endorsement embraces Richardson as an insured; it does not.

The judgment is affirmed.

SIMEONE, P. J., and McMILLIAN, J., concur.