**Daniel MILLER, Plaintiff-Appellant,**

v.

**STATE FARM MUTUAL INSURANCE COMPANY, Defendant-Respondent.**

No. 42121.

Missouri Court of Appeals, Eastern District, Division Three.

July 22, 1980.

Elmer C. Oberhellmann, St. Louis, for plaintiff-appellant.

Joseph Kortenhof, Amy R. Reichman, St. Louis, for defendant-respondent.

CRIST, Judge.

Plaintiff-appellant filed suit against defendant-insurer (hereinafter referred to as "State Farm") to recover under an "uninsured motorist" provision of his policy. At the close of all the evidence, the trial court directed a verdict in favor of State Farm for the reason that plaintiff failed to establish the two conditions precedent to recovery. We reverse and remand.

We must construe all of the evidence and reasonable inferences therefrom in plaintiff's favor in determining whether a submissible case was made. *Young v. Mercantile Trust Company National Association,* 552 S.W.2d 247, 250 (Mo.App.1977).

On July 1, 1975, plaintiff was driving his car with his left arm extended out the window. An unknown car sideswiped plaintiff's car on the driver's side, crushing his arm. Plaintiff's arm was bleeding profusely. He almost passed out from the pain. Plaintiff's passenger (hereinafter referred to as "passenger") took control of the car and immediately drove plaintiff to the hospital. Surgery was performed on plaintiff's left arm within half an hour of his arrival. Plaintiff woke up three days later in a different hospital.

While passenger was waiting for plaintiff outside the emergency room, he met two

policemen. Passenger told the policemen about the hit and run accident. One of the policemen made notes on a pad during the conversation. He took down plaintiff's and passenger's names and addresses and the facts of the accident.

State Farm's policy required that plaintiff's hit and run accident be reported to the police within twenty-four hours and that a verified statement of the facts be filed with State Farm within thirty days.

The policy provides:

"Hit and run motor vehicle—means a land motor vehicle which causes bodily injury to an insured arising out of physical contact of such vehicle with the insured or with a vehicle which the insured is occupying at the time of the accident, provided: . . . . (2) The insured or someone on his behalf shall have reported the accident within twenty-four hours to a police or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the company within thirty days thereafter, a statement under oath that the insured or his legal representative has the cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable and setting forth the fact in support thereof; . . . ."

■ Plaintiff did not personally report the accident to the police. However, passenger reported the accident within twenty-four hours to two policemen, although they did not file an official report. This evidence was sufficient to establish compliance with the requirement that "[t]he insured or someone on his behalf shall have reported the accident within twenty-four hours to a police or judicial officer. . . . ."

■ Plaintiff did not file a verified statement of facts with State Farm within thirty days. He did however, make a recorded statement to State Farm over the phone two weeks after the accident. Although plaintiff was available, and willingly complied with other specific requests, State Farm never requested a sworn statement. We hold that State Farm's failure to request a verified statement under these circumstances was a waiver of its right to literal compliance with this policy provision. The recorded telephone statement made by plaintiff was substantial and sufficient compliance with the requirement that plaintiff "shall have filed with the company within thirty days thereafter, a statement under oath . . . ." *Sturgis v. American Hospital & Life Insurance Co.*, 174 S.W.2d 917, 919 (Mo.App.1943); *McMahon v. Coronet Insurance Co.*, 6 Ill.App.3d 704, 286 N.E.2d 631, 634 (1972).

Judgment reversed and remanded for a new trial.

DOWD, P. J., and REINHARD, J., concur.