Juanita WEST, Plaintiff-Appellant,

v.

TRANSAMERICA INSURANCE COMPANY, and Mission Insurance Company, Defendants-Respondents.

No. 43374.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 24, 1981.

Lawrence O. Willbrand, St. Louis, for plaintiff-appellant.

Robert A. Wulff, Amelung, Wulff & Willenbrock, St. Louis, for defendants-respondents.

CLEMENS, Senior Judge.

Plaintiff Juanita West was injured when the car she was operating for her employer, Schnucks Markets, Inc., was rear-ended by an uninsured motorist. She sued Transamerica Insurance Co., which had issued Schnucks' policy of liability insurance, containing $10,000 uninsured motorist coverage. Plaintiff also sued Mission Insurance Company, which had issued an "umbrella policy" covering Schnucks against certain liabilities in excess of $10,000, its basic Transamerica coverage.

The jury returned a $27,500 verdict in favor of plaintiff against both Transamerica and Mission. The court rendered a $10,-000 judgment against Transamerica, but sustained Mission's previous motion for summary judgment. On appeal plaintiff challenges the ruling as to each of the two insurers. We affirm.

Transamerica acknowledged its liability for $10,000 under its uninsured motorist coverage. Plaintiff here contends her judgment should have been for $20,000 because the car she was driving was then leased to Schnucks by its owner Executive Leasing Company, which was named by Transamerica as an additional insured under Schnucks' policy.

We hold the trial court did not err in limiting Transamerica's liability to the basic $10,000 coverage under the uninsured motorist clause of its policy. That mandatory coverage, and no other, for one injured person is required by Sections 303.030 5. and 379.203 1. RSMo. 1978. This ruling is doubly justified by the terms of Transamerica's policy. Its "persons insured" clause with our emphasis added, reads: "The insurance applies separately to each insured, *except with respect to the limits of the company's liability.*" And the policy's "limits of liabili-

ty" clause (paraphrased to delete references to more than one injured person) reads: "Regardless of the number of persons or organizations who are insured under this policy . . . . the limit of liability stated in the schedule as applicable to 'each person' is the limit of the company liability for all damages because of bodily injury sustained by one person as the result of any one accident and . . . . the limit of liability stated in the schedule as applicable to 'each accident' is the total limit of the company's liability for all damages because of bodily injury sustained . . . . as the result of any one accident."

In construing the uninsured motorist statute and Transamerica's policy we may not change the meaning of unambiguous terms nor create an ambiguity by forced construction. *MFA Mutual Insurance Company v. Dunlap*, 525 S.W.2d 766 (Mo.App. 1975). So considered, neither the statute nor Transamerica's policy warrants acceptance of the plaintiff's contention of dual coverage.

We now move to plaintiff's challenge to the trial court's directed verdict for Mission under its "umbrella policy." That policy covered specified grounds of Mission's liability in excess of Transamerica's coverage.

In construing Mission's umbrella policy we bear in mind that insurance is a matter of contract to be given effect according to its plain terms, and that the policy's insuring clause shows the insurer's intention that coverage shall extend only to declared losses. *Transport Indemnity Co. v. Teter*, 575 S.W.2d 780[1–3] (Mo.App.1978).

We note that Mission's policy is "excess insurance", granting coverage here only to the extent that Schnucks' liability is not covered by other insurance. This is made clear by the insuring clause of Mission's policy by which it agrees to indemnify Schnucks for sums Schnucks is legally obligated to pay for personal injuries, but only to the extent that Schnucks' liability exceeds other insurance coverage. Since that liability was limited to $10,000 under the uninsured motor vehicle statutes, supra, for which Transamerica is admittedly liable, there was no excess liability.

Furthermore, Mission's policy specifies the extent of its coverage and makes no reference to uninsured motorist coverage. It covers only Schnucks' tort liability to third persons in excess of Transamerica's policy, and here there was no excess over Transamerica's admitted $10,000 liability under the uninsured motorist clause of its policy.

The trial court did not err in granting Mission's motion to dismiss.

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.