**Edward V. BILLINGS and Antionette Billings, Plaintiffs-Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and the Prudential Insurance Company of America, Defendants-Respondents.**

No. 52997.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 29, 1987.

James E. Heckel, St. Louis, for plaintiffs-appellants.

Evans & Dixon, Mary V. Schmidtlein, William W. Evans, Armstrong, Teasdale, Kramer, Vaughan & Schlafly, Richard B. Scherrer, Michael J. Marshall, St. Louis, for defendants-respondents.

GARY M. GAERTNER, Presiding Judge.

Appellants, Edward V. Billings and Antionette Billings, appeal from a summary judgment order entered in favor of respondents, State Farm Mutual Automobile Insurance Company (State Farm) and The Prudential Insurance Company of America (Prudential). Appellants originally filed a petition for declaratory judgment, requesting the trial court to declare certain notice provisions contained in insurance policies issued by respondents violative of RSMo § 379.203(1) (1986) and against public policy. Respondents then motioned for summary judgment. On appeal, appellants raise three points. They argue that the notice requirements in each respondent's insurance policy violate RSMo § 379.203(1) (1986) and are void as against public policy. They also allege that, even if the notice requirements are valid, Prudential's notice provision is inapplicable to the situation for which appellants seek recovery. Lastly, they maintain that, even if the notice provisions are not void, the trial court erred in rendering summary judgment in favor of respondents without making a further declaration of the rights of the parties. Finding appellants' contentions to be without merit, we affirm.

The record reveals that on October 19, 1982, an automobile driven by Edward V. Billings was forced off the road by another vehicle, and as a result Billings' automobile collided with a bridge abutment. The vehicle which forced Billings off the road left the scene of the accident without the driver identifying himself or the owner of the vehicle. Billings alleges that the accident caused him serious injury. He also claims that the accident is covered by insurance policies issued by State Farm and Prudential.

Billings did not himself report the accident to the police. Billings' son made an oral report to the police on October 19, 1982; however, no written report was issued by the police. Billings gave no personal notice of the accident to State Farm. The accident was first reported to State Farm in May 1983 when Billings' son made an oral report. Later, on February 27, 1986, the son filed a written claim for the accident. The accident was first reported to Prudential by Billings' attorney on October 16, 1985.

Both State Farm and Prudential denied appellants' claim arising out of the accident on October 19, 1982, for the reason that appellants failed to comply with certain provisions contained in the State Farm and Prudential policies concerning the reporting of claims. State Farm required that one making a claim under the uninsured motor vehicle provisions of its policy have notified the police within twenty-four hours of the accident and State Farm within thirty days after the accident. Prudential mandated that one filing a claim under its uninsured motor vehicle coverage have reported the accident to the police within twenty-four hours and to Prudential within sixty days after the accident.

In appellants' first point, they contend that the trial court erred in granting summary judgment, alleging the notice provisions in respondents' insurance policies violate RSMo § 379.203(1) (1986) and are void as against public policy. Initially, we note that summary judgment is proper where the prevailing party has shown by unassailable proof that he is entitled to judgment as a matter of law, and that no genuine issue of material fact exists. *Hill v. McDonald's Corp.*, 709 S.W.2d 169, 170 (Mo. App., E.D.1986). In addition, where insurance contracts, such as in the present case, are written in plain and unambiguous

terms, it is not our function to construe the language of the policies in favor of the insured. *MFA Mutual Insurance Co. v. Dunlap*, 525 S.W.2d 766, 769 (Mo.App., E.D.1975).

Section 379.203(1) provides, in pertinent part, that:

No automobile liability insurance ... shall be delivered ... in this state unless coverage is provided therein ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles.... Such legal entitlement exists although the identity of the owner or operator of the motor vehicle cannot be established because such owner or operator and the motor vehicle departed the scene of the occurrence ... before identification.

As stated previously, both the State Farm and Prudential policies provided uninsured motorist coverage. All existing and valid statutory provisions, such as RSMo § 379.203(1) (1986), enter into and form a part of the State Farm and Prudential insurance contracts to which they are pertinent as fully as if such provisions were written into the policies. *Ward v. Allstate Insurance Co.*, 514 S.W.2d 576, 578 (Mo. banc 1974). Section 379.203(1) contains absolutely no requirement as to notice for the filing of claims. This court must refrain from adding a provision as to notice under the guise of statutory construction unless such a provision is plainly written or necessarily implied from the words used by the legislature. *Cook v. Pedigo*, 714 S.W.2d 949, 952 (Mo.App., E.D.1986). Thus, as there is no statutory prohibition barring the notice provisions in respondents' insurance policies, we next examine whether there is a policy consideration forbidding the provisions. For, unless some statutory or basic policy interdiction exists, the parties to an insurance contract may agree to limit the liability of the insurer to the insured. *MFA Mutual Insurance Co. v. Dunlap*, 525 S.W.2d at 769.

Missouri courts have often upheld insurance contract provisions requiring that notice of an accident be given to the insurer "as soon as practicable." *Greer v. Zurich Insurance Co.*, 441 S.W.2d 15, 30 (Mo.1969); *McNeal v. Manchester Insurance & Indemnity Co.*, 540 S.W.2d 113, 119 (Mo.App., E.D.1976); *Anderson v. Slayton*, 662 S.W.2d 575, 577 (Mo.App., W.D.1983). This court held that an insured failed to give notice "as soon as practicable" where he did not inform his insurer until November 15, 1962, of accidents which took place on various dates between April 1958 and September 17, 1962. *Louisiana Farm Supply Co. v. Federal Mutual Insurance Co.*, 409 S.W.2d 239, 240–41 (Mo.App., E.D.1966). Further, the decision in *Miller v. State Farm Mutual Insurance Co.*, 603 S.W.2d 69, 70 (Mo.App., E.D.1980) implicitly recognized that an uninsured motorist provision providing that the insured report an accident within twenty-four hours to the police was not *per se* invalid. *See also Girard v. State Farm Mutual Automobile Insurance Co.*, 737 S.W.2d 254 (Mo.App., W.D.1987).

Strong public policy interests are protected through the use of notice provisions. For, the insured public will incur additional and unnecessary costs if insurers are forced to pay stale claims, as to which the insurer has not been accorded the opportunity to conduct an investigation while the facts are still fresh. This consideration is particularly acute in a situation such as the present case, where an unidentified, "hit and run" or "phantom" vehicle is involved. *See also: State Farm County Mutual Insurance Company of Texas v. Landers*, 520 S.W.2d 604, 606 (Tex.Ct.App.1975) (upholding an uninsured motorist provision which required notification to the police within twenty-four hours of an accident); *Shamrock Casualty Co. v. Mack*, 61 Misc. 2d 240, 305 N.Y.S.2d 525, 528–29 (1969) (validating an uninsured motorist provision which mandated that one report an accident to the police within twenty-four hours or as soon as reasonably possible and to the insurer within ninety days); and *Hartford Accident & Indemnity Co. v. Creasy*, 530 S.W.2d 778, 779 (Tenn.1975) (sanctioning uninsured motorist coverage obligating that the insurer be given notice within thirty days of the accident). This point is denied.

In appellants' second point, they maintain that Prudential's notice requirements are inapplicable to the present situation. Specifically, they allege that Prudential's provisions do not apply to the occurrence in question where the accident was allegedly caused by a vehicle which did not make contact with Billings' vehicle; that Prudential's provisions as to notice only apply when a "hit and run" vehicle is involved. However, this issue was not presented to the trial court for decision. We will not review an issue which is now raised for the first time on appeal. "[T]his [c]ourt will not, on review, convict a lower court of error on an issue which was not put before it to decide." *Lincoln Credit Co. v. Peach*, 636 S.W.2d 31, 36 (Mo. banc 1982). This point is denied.

In appellants' third point, they allege that the trial court erred in rendering summary judgment in favor of respondents without making a further declaration of the rights of the parties. Appellants argue that, upon deciding that the notice provisions were valid, the trial court was obligated to determine whether respondents were prejudiced by the lack of compliance and whether the lack of compliance constituted a material breach of the policies' conditions. However, the petition for declaratory judgment asked for nothing more than that the trial court make a legal determination concerning the validity of the notice provisions. We will determine the correctness of the trial court's summary judgment order as of the time it was made and according to what the record shows was before the trial court at that time. *Brown v. Stroeter*, 263 S.W.2d 458, 462 (Mo.App., W.D.1953). None of the issues upon which appellants now seek to have a determination made were before the trial court. This point is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.