**Jessie BRIDGES and Glenna Bridges, Plaintiffs–Appellants,**

v.

**SECURA INSURANCE COMPANY, Defendant–Respondent.**

No. 18086.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 23, 1993.

Motion for Rehearing or Transfer to Supreme Court Denied March 17, 1993.

Application to Transfer Denied
April 20, 1993.

J. Russell Carnahan, Carnahan, Carnahan & Hickle, Rolla, for plaintiffs-appellants.

P. Pierre Dominique, J. Christopher Spangler, Wesner, Kempton, Russell & Dominique, Jefferson City, for defendant-respondent.

PARRISH, Chief Judge.

Jessie Bridges and Glenna Bridges appeal from a summary judgment in favor of Secura Insurance Company (Secura). The Bridges sought to recover damages from Secura based upon uninsured motorist coverage included in an automobile insurance policy that was issued to them by Secura. The trial court entered summary judgment in favor of Secura because the Bridges failed to comply with notice provisions in the automobile insurance policy. Although other claims were pending, the trial court entered judgment finding that there was no just reason for delay. Rule 74.01(b). This court affirms.

The accident that is the subject of this appeal occurred March 30, 1990. Glenna Bridges was driving a 1987 Ford pickup truck that was owned by her and her husband, Jessie Bridges, and was insured by Secura. Mr. Bridges was a passenger in the pickup. The Bridges were pulling a travel trailer with the pickup. They were proceeding westbound on Interstate 44 west of Rolla, Missouri, when their vehicle was involved in an accident. They contend that their trailer was struck from behind by an unknown hit-and-run tractor-trailer; that their pickup struck a concrete bridge crossing the Little Piney River; that their pickup then stopped, facing east in the westbound lanes of the highway; that their pickup was then struck, head-on, by a tractor-trailer owned by Kraft, Inc. Mr. and Mrs. Bridges were injured. Mrs. Bridges

was hospitalized for 15 days following the accident. An investigating highway patrolman talked with Mr. Bridges at the scene of the accident. The patrolman did not talk to Mrs. Bridges.

The policy of automobile insurance had a section that was entitled, "**WHAT YOU SHOULD DO IN CASE OF AN AUTO ACCIDENT OR LOSS.**" The instructions included:

A. After every accident, occurrence or *loss:*

1. Notify us or our authorized agent as soon as reasonably possible. The notice must give the time, place and circumstances of the accident, occurrence or *loss*, including the names and addresses of injured persons and witnesses.

.    .    .    .    .

B. A person claiming Uninsured Motorists Coverage must also notify the police within 24 hours of the accident if a hit-and-run driver is involved.

.    .    .    .    .

Depositions of Mr. and Mrs. Bridges were taken October 9, 1991. At that time, neither had notified the highway patrol, county sheriff's department or local police that a hit-and-run driver was involved in the accident. The accident report that was completed by the investigating highway patrolman contains no reference to an unknown hit-and-run vehicle. Its description of the accident states that the "accident apparently occurred as Driver #1 [Mrs. Bridges] lost control of her vehicle causing it to slide off of the right side of the roadway and strike the bridge."

The Bridges' attorney sent a letter dated May 9, 1990, to an adjuster who was apparently handling the claims arising from the accident for Secura—the Bridges' brief characterizes the adjuster as "[Secura's] local insurance agent"—that included the statement:

You are also aware that Mr. and Mrs. Bridges have stated that immediately prior to the accident they were passed by several large semi-tractor trailers which were speeding down the hill. Mr. and Mrs. Bridges told me, as they have told you, that they believe that the last of these trucks clipped the left rear corner of their travel trailer causing them to lose control of the vehicle. Therefore, in addition to the liability claim against Kraft, this letter is to notify you that we will be making a claim under the Bridges' uninsured motorist coverage with Secura Insurance Company.

The Bridges' first point on appeal alleges that the trial court erred in granting summary judgment for Secura because they "substantially complied with the terms of the policy ... and [Secura] was not prejudiced in conducting a timely investigation in that [the Bridges] were physically incapacitated following the accident; [the Bridges] promptly notified their local insurance agent directly and by their attorney; and [Secura] did conduct a complete and timely investigation of [the Bridges'] uninsured motorists claim which was denied based on witnesses' statements, not based on notice provision of the policy."

A case that involved similar facts and similar policy provisions with respect to required notice when there is a claim based upon an unidentified hit-and-run motorist is *Friend v. State Farm Mut. Auto. Ins. Co.*, 746 S.W.2d 420 (Mo.App.1988). In affirming the trial court's granting a summary judgment to the defendant-insurer, the court relied on *Girard v. State Farm Mut. Auto. Ins. Co.*, 737 S.W.2d 254 (Mo.App. 1987), and *Billings v. State Farm Mut. Auto. Ins. Co.*, 741 S.W.2d 886 (Mo.App. 1987), that were decided, respectively, by the western and eastern districts of this court.

Both *Girard* and *Billings* involved uninsured motorist claims based upon unidentified hit-and-run vehicles. The notice provisions for such claims in both cases required the police to be notified within 24 hours following the accident. Likewise, the notice provision in the automobile policy in *Friend* required the insured to notify police within 24 hours following an accident that involved an unidentified hit-and-run vehicle. *Girard*, 737 S.W.2d at 256; *Billings*, 741 S.W.2d at 888; and *Friend*, 746 S.W.2d at

423, upheld the notice provisions in the respective policies. The court, in *Billings*, explained:

> Strong public policy interests are protected through the use of notice provisions. For, the insured public will incur additional and unnecessary costs if insurers are forced to pay stale claims, as to which the insurer has not been accorded the opportunity to conduct an investigation while the facts are still fresh. This consideration is particularly acute in a situation such as the present case, where an unidentified, "hit and run" or "phantom" vehicle is involved.

741 S.W.2d at 888.

■ This court perceives no significant differences in the facts in this case from those in the cases cited that would justify departing from their holdings. Mr. and Mrs. Bridges failed to comply with the notice provision in their insurance policy. They did not notify the police within 24 hours following the accident that an unidentified hit-and-run vehicle was involved in the accident.

The Bridges point to the following statement in the concurring opinion in *Friend:*

> Some delay in notifying law enforcement officers and the insurance company is understandable and excusable. The public policy interests which are served by enforcing the notice provisions of the policy are outweighed by a countervailing public policy interest in protecting insureds who are physically or mentally incapable of communicating such notice to their insurer. [Citations omitted.]

746 S.W.2d at 424 (Holstein, J., concurring). They contend that, by reason of their incapacitation immediately following the accident, the 24–hour notice requirement in their policy should not apply. Their reliance on the concurring opinion in *Friend* is misplaced.

In *Friend*, the injured person had regained her memory by the time she was discharged from the hospital. She still did not give the notice that her policy of insurance required. That failure to comply with the notice provisions in the insurance policy was unexcused. *Id.* at 424. In this case, there is nothing to suggest that the

Bridges were not able to give the required notice to police during the 18 months from the date of the accident to the date of the taking of their depositions. Their failure to comply with the policy terms is unexcused.

> [U]nless some statutory or basic policy interdiction exists, the parties to an insurance contract may agree to limit the liability of the insurer to the insured.

*Billings*, 741 S.W.2d at 888. The first point is denied.

The second point the Bridges raise is directed to whether the facts that were before the trial court sufficed to establish liability under the uninsured motorist coverage in their policy of automobile insurance. The issue to which that point is directed is Secura's contention that the Bridges asserted they observed a particular sign on the commercial vehicle that they contend first struck the trailer they were pulling with their pickup, the alleged hit-and-run vehicle. That point is moot. Since the Bridges failed to give the requisite notification to invoke their uninsured motorist coverage, whether, in fact, the identity of the alleged hit-and-run vehicle was sufficiently manifested to them to defeat their claim is of no consequence. The summary judgment is affirmed.

CROW, P.J., and SHRUM, J., concur.