**Sheila FULLER, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Defendant.**

**Civil Action No. 4:96–CV–461–BE.**

United States District Court, N.D. Texas, Fort Worth Division.

Aug. 15, 1997.

---

Norman Darwin, Fort Worth, TX, W. Brice Cottongame, Fort Worth, TX, for Plaintiff.

Janet K. Colaneri, Arlington, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER

BLEIL, United States Magistrate Judge.

This case concerns various claims by Plaintiff Shelia Fuller against Defendant State Farm Mutual Automobile Insurance Company based upon the uninsured/underinsured motorist provision in an automobile insurance policy. Determining that there is no genuine issue of material fact, the court grants State Farm's motions for summary judgment and partial summary judgment.

## FACTS

On February 14, 1995, Sheila Fuller purchased an insurance policy from State Farm that, among other things, provided for unin-sured/underinsured motorist coverage. The pertinent provision in the policy reads:

> We will pay damages which a *covered person* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle* because of bodily injury sustained by a *covered person,* or *property damage,* caused by an accident.

(emphasis in the original). The policy imposes a number of general duties on the insured following an accident or loss, including the following:

> A. We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses. If we show that your failure to provide notice prejudices our defense, there is no liability coverage under the policy.

In addition, the policy requires that a person seeking uninsured/underinsured Motorists Coverage "[p]romptly notify the police if a hit-and-run driver is involved." The policy specifies that no legal action is to be brought against State Farm until all terms of the policy have been complied with.

Fuller allegedly was the victim of a hit-and-run accident in Dallas, Texas on May 5, 1995. Following the accident, Fuller's son made minor repairs to the car, but it was not until August 1995, at the earliest, that Fuller contacted State Farm about a claim for insurance benefits under the uninsured/underinsured motorist provisions in her policy. State Farm failed to pay Fuller's claim, and Fuller filed suit in state court on June 5, 1996. In addition to a cause of action for breach of contract, Fuller complained that State Farm had acted with gross negligence and in violation of the Texas Deceptive Trade Practices–Consumer Protection Act (DTPA) and Texas Insurance Code.[1] State Farm removed the suit to federal court on June 28, 1996. State Farm filed its answer denying liability under the policy and asserting, among other defenses, that Fuller had failed to satisfy certain conditions precedent to re-

---

1. Tex. Bus. & Com. Code Ann § 17.46 et seq. (Vernon 1987 & Supp.1997); Tex Ins. Code Ann. art. 21.21 (Vernon 1981 & Supp.1997).

covery. All parties have consented to trial before the United States Magistrate Judge.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The court views all of the evidence and inferences therefrom in the light most favorable to the nonmovant. *Hibernia Nat'l Bank v. Carner,* 997 F.2d 94, 97 (5th Cir.1993). The movant bears the initial burden of showing that no genuine issue of material fact exists, but once the movant makes such a showing, the burden shifts to the nonmovant to produce competent summary judgment evidence of the existence of a genuine issue of material fact. *Anderson,* 477 U.S. at 256–57, 106 S.Ct. at 2514, 91 L.Ed.2d 202.

## CONTRACTUAL CLAIMS

■ State Farm asserts it is entitled to judgment as a matter of law because Fuller failed to promptly notify State Farm of the accident and failed to give notice to the police within twenty-four hours of the accident. To succeed with an affirmative defense of breach of conditions precedent, a defendant must establish (1) that the contract creates a condition precedent, and (2) that the condition precedent was not performed. *Texas Dept. of Hous. and Community Affairs v. Verex Assurance, Inc.,* 68 F.3d 922, 928 (5th Cir. 1995). Contracts for insurance are generally subject to the same rules of construction as are other contracts and will be enforced as written where the wording used can be given only one reasonable interpretation. *Id.* at 929. Conditions precedent are those acts or events that must occur before a contract arises or before performance under an exist-

ing contract is required. *Id.* at 928, *see also Hohenberg Bros. Co. v. George E. Gibbons & Co.,* 537 S.W.2d 1, 3 (Tex.1976)(holding that condition precedent may relate either to the formation of a contract or liability under the contract).

The policy expressly requires that the insurance company receive prompt notice of an accident. In her deposition, Fuller admitted that she did not immediately turn in her claim to State Farm, but she ultimately did notify her insurance agent about the accident—although she was uncertain of the date. Viewed in the light most favorable to the nonmovant, there is a genuine issue of material fact regarding whether Fuller acted promptly in notifying State Farm. Furthermore, the express language of the insurance policy provides that failure to promptly notify State Farm will result in loss of coverage only if the failure to provide notice is prejudicial. State Farm does not argue or provide evidence that it was prejudiced by the delay, if any.

■ Fuller, however, acknowledges that she never contacted the police about the accident. The insurance policy imposes a duty upon a person seeking uninsured/underinsured motorist coverage to promptly notify the police if a hit-and-run driver is involved. Although Fuller argues that she did promptly inform another government body, namely her employer (the Texas Department of Health & Human Services), the insurance policy specifies that the *police* must be promptly notified in the event of a hit-and-run accident. The requirement that the police be promptly notified constitutes a condition precedent to recovery under the policy. *See State Farm County Mut. Ins. Co. v. Landers,* 520 S.W.2d 604, 606 (Tex.Civ.App.-Fort Worth 1975, no writ). Reasons of public policy support the police-notification provisions in a policy of insurance. Notification of the proper law enforcement authorities permits the police to investigate the accident scene, gather information, and prepare a police report from which the insurer can then verify the circumstances surrounding the accident.[2] *See, e.g., Shelter Mut. Ins. Co. v.*

**2.** Texas public policy also favors police notification after any accident, as evidenced by state law

*Selley*, 942 S.W.2d 1370, 1372–73 (Colo.App. 1997); *Billings v. State Farm Mut. Auto. Ins. Co.*, 741 S.W.2d 886, 888 (Mo.App.1987). Courts in other jurisdictions have observed that the insured public as a whole will incur additional and unnecessary costs if an insurer must pay a stale claim because of a lack of opportunity to investigate the claim and ensure that it is meritorious. *See Shelter*, at 1372–73; *Billings*, 741 S.W.2d at 888. *But see Powell v. Automotive Cas. Ins. Co.*, 631 So.2d 581, 584 (La.App.1994)(holding that insured's failure to timely report hit-and-run accident to police did not preclude uninsured motorist coverage because policy did not specify sanction for noncompliance and insured had not shown prejudice), *modified*, 637 So.2d 452 (La.1994).

When a promise or obligation is subject to a condition precedent, there is no liability or obligation on the part of the promisor and there can be no breach of contract by the promisor unless and until the condition precedent is performed or occurs. *Verex*, 68 F.3d at 928. Having failed to satisfy a condition precedent to coverage or provide an excuse for that failure, Fuller cannot succeed on her breach of contract claim as a matter of law. In a case like this, the failure to notify the police might well preclude the insured from learning the identity of the other motorist or ascertaining whether that motorist was uninsured or underinsured.

### EXTRACONTRACTUAL CLAIMS

■ State Farm has also requested summary judgment on Fuller's extracontractual claims. Disposition of Fuller's breach of contract claim also disposes of her claims for exemplary damages for gross negligence[3] and her assertions of the bad faith handling of her claim by State Farm in violation of the

DTPA and the Texas Insurance Code. One element of a claim for breach of the duty of good faith and fair dealing is the insurer's denial or delay in paying a claim after the existence of coverage became reasonably clear. *See Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48 (1997). Because Fuller admittedly failed to comply with a condition precedent to coverage, her claims of gross negligence in the bad faith handling of her claim fail.[4] *See generally Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex.1995)(noting that there is generally no bad faith cause of action where insurer has promptly denied claim that is in fact not covered). Similarly, to the extent her complaints of DTPA and Insurance Code violations are predicated on State Farm's post-loss claims handling and denial of her claim, those claims must also fail. *See Canutillo Indep. School Dist. v. National Union Fire Ins. Co.*, 99 F.3d 695, 709 (5th Cir.1996); *Matthews v. Home Ins. Co.*, 916 S.W.2d 666, 670 (Tex.App.-Houston [1st Dist.] 1996, writ denied).

■ The only claims that arguably survive are Fuller's complaints that State Farm misrepresented material policy provisions relating to the uninsured/underinsured motorist coverage in her insurance policy. However, Fuller has failed to state specific facts supporting the existence of any misrepresentations. Nor has Fuller produced any evidence to support her claims of misrepresentation. One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses. *Celotex*, 477 U.S. at 323–24, 106 S.Ct. at 2553, 91 L.Ed.2d 265. When the issue is one for which the nonmovant will bear the burden of proof at trial, the party moving for summary judgment may discharge its own burden by showing an absence of evidence to support

requiring the operator of a vehicle involved in an accident involving personal injury or significant property damage to make a written report of the accident to the appropriate state authorities within 10 days of the accident unless the accident has already been investigated by a law enforcement officer. TEX. TRANSP CODE ANN. § 550.061 (Vernon 1997).

3. Although Fuller does not expressly raise a common-law bad faith claim in her pleadings, a gross

negligence claim is predicated on the existence of a breach of the duty of good faith and fair dealing. *See Canutillo Indep. School Dist. v. National Union Fire Ins. Co.*, 99 F.3d 695, 709 (5th Cir.1996); *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex.1994).

4. State Farm also contends that its denial of Fuller's claim was reasonable because made in reliance on expert opinion; however, State Farm provides no evidence to support this contention.

the nonmovant's case. *Id.* at 325, 106 S.Ct. at 2554, 91 L.Ed.2d 265. The non-moving party then must set forth specific facts showing that there is a genuine issue for trial. *Id.* at 322–24, 106 S.Ct. at 2552–53, 91 L.Ed.2d 265. Fuller's conclusory assertions in her pleadings of misrepresentations by State Farm are insufficient to defeat a motion for summary judgment. *See Hibernia Nat'l Bank,* 997 F.2d at 98 (holding that summary assertions are not enough evidence to raise genuine issue of material fact).

Accordingly, it is ORDERED that Defendant's Motion for Summary Judgment and Motion for Partial Summary Judgment are GRANTED.

It is further ORDERED that Defendant's Motion to Dismiss for Failure to State a Claim and Defendant's Motion to Compel are DENIED as moot.