**Florence L. COLE, Appellant,**

v.

**MISSOURI HIGHWAY AND TRANS-PORTATION COMMISSION, Respondent.**

**No. WD 41012.**

Missouri Court of Appeals,
Western District.

March 21, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 1989.

Application to Transfer Denied
June 13, 1989.

of Hollingsworth's case. The court did not err in admitting that evidence.

Leland F. Dempsey, Kansas City, for appellant.

Rich Tiemeyer, Chief Counsel, Mo. Highway & Transp. Com'n, Gregory W. Schroeder, Asst. Counsel, Jefferson City, for respondent.

Before KENNEDY, C.J., and LOWENSTEIN and GAITAN, JJ.

KENNEDY, Chief Judge.

Florence L. Cole appeals from a judgment dismissing her personal injuries damage petition against the Missouri Highway and Transportation Commission, for injuries sustained in an intersectional automobile collision. The ground for the dismissal was that the petition failed to state a claim upon which relief could be granted. The theory of plaintiff's petition against the Highway Commission was that the state under Sec. 537.600, RSMo 1986, had waived its sovereign immunity in the kind of claim presented by the petition.

The petition alleged that the plaintiff on May 16, 1987, was a passenger in an automobile being driven by Ralph D. Cole along Highway 97 where it intersected with Highway 32 in Cedar County, Missouri. The car plaintiff was riding in failed to stop at a stop sign protecting Highway 32 and drove into the intersection, where it was struck by a car proceeding along Highway 32.

Plaintiff claims the accident and her injuries resulted from the dangerous condition of Highway 97 for which dangerous condition defendant the Missouri Highway and Transportation Commission was accountable. In the language of the petition:

> ... [T]he above referred condition was unreasonably dangerous in that the defendant M.H.T.C. failed to warn and to properly warn through proper signing and road marking and through other appropriate steps of the obscured and sudden curvature of that roadway and its obscured and sudden intersection with said Missouri Route 32 and on-coming traffic present on said Missouri Route 32 and of the placed stop sign located at the intersection of Missouri Route 97 with Missouri Route 32.

The question in the case is whether the highway conditions and circumstances described in the petition were as a matter of law not a "dangerous condition of (the Missouri Highway and Transportation Commission's) property" within the meaning of Sec. 537.600.1(2), RSMo 1986. If as a matter of law they were not such a dangerous condition of the Highway Commission's property, then Sec. 537.600 does not waive the state's sovereign immunity, the petition does not state a claim upon which relief may be granted, and the trial court was correct in dismissing the petition for that reason.

Two cases of the Missouri Supreme Court, both decided since the August 11, 1988 dismissal of this petition, control the appeal. One of the cases is *Donahue v. City of St. Louis*, 758 S.W.2d 50 (Mo. banc 1988). In that case the plaintiff had alleged in his pleadings that the city street's stop sign was down and was not visible to

motorists entering the intersection from the direction which he was traveling and that this constituted a dangerous condition of the city's property within the meaning of Sec. 537.600. The trial court as here had dismissed the plaintiff's petition for failure to state a claim.

Reversing the trial court dismissal of the petition, the court said:

> The remaining question then becomes whether traffic controls such as are here involved are encompassed in the negligent, defective, or dangerous design of roads and highways. We believe the primary purposes in the design of roads and highways are (1) expediting the flow of traffic, and (2) safety. Traffic control and control devices are an integral part of expediting traffic flow and attaining safety, and design, of necessity, is a continuing process which encompasses such things as widening, changing of grades, resurfacing, and installation of lights and traffic controls. We are compelled to hold that this traffic control device was contemplated within the clear unambiguous meaning of the words used in the amendment.

*Donahue*, 758 S.W.2d at 52.

The court went ahead to say that except in cases where the public entity can prove the defense of "state of the art" by a preponderance of the evidence, "the jury will decide questions of defective design and dangerous condition of property as in other tort cases" in cases filed pursuant to Sec. 537.600.1(2), RSMo 1986. *Donahue*, 758 S.W.2d at 53.

The second case is *Wilkes v. Missouri Highway and Transportation Commission*, 762 S.W.2d 27 (Mo. banc 1988). In that case, plaintiff was operating a motor vehicle when it struck an icy spot upon a flooring of a highway bridge, collided with the bridge rail, and left the bridge. Plaintiff suffered physical injuries.

Plaintiffs claimed in their petition that the bridge was so situated that an operator of a motor vehicle had no notice of it until almost upon it, and thus it constituted a dangerous condition. The petition also said that the Highway Commission was negligent in failing to erect signs warning of the danger of the bridge being icy or warning drivers to reduce their speed when approaching the bridge; and that the roadway and bridge were negligently constructed because they posed a danger to motorists by reason of a curve in the road just before the bridge. *Wilkes*, 762 S.W.2d at 28.

Summary judgment for the defendant Highway Commission was reversed by the Supreme Court of Missouri and the cause was remanded for further proceedings consistent with the opinion. *Wilkes*, 762 S.W. 2d at 29.

These two cases are dispositive of plaintiff's appeal, and call for a reversal of the trial court's judgment of dismissal.

■ The Highway Commission says, however, that plaintiff's claim against the Highway Commission is foreclosed by her allegation, in a separate count of her petition, charging Ralph D. Cole, the operator of the car in which she was riding as a passenger, with driving at an excessive speed. The Highway Commission's theory is that a condition is a "dangerous condition" only if it is dangerous to a negligence-free driver, and that if the driver's negligence directly caused or directly contributed to cause the accident, plaintiff has no claim against the Highway Commission based upon the dangerous condition of the highway. This argument has disquieting echoes of the "active negligence-passive negligence" dichotomy which plagued us before, *Missouri Pacific Railroad Company v. Whitehead & Kales Company*, 566 S.W.2d 466, 470 (Mo. banc 1978).

Plaintiff's multiple plea allegation of Ralph D. Cole's negligence would not even be admissible against her in the trial of her claim against the Highway Commission; *Manahan v. Watson*, 655 S.W.2d 807, 809 (Mo.App.1983); *Littell v. Bi–State Transit Development Agency*, 423 S.W.2d 34, 39–40 (Mo.App.1967); and if admitted would not be conclusive upon her; *Campbell v. Webb*, 356 Mo. 406, 202 S.W.2d 35, 39 (1947).

Furthermore, proof of the negligence of driver Ralph D. Cole concurring with that of the Highway Commission to cause the accident and Florence L. Cole's resulting injuries would not defeat plaintiff's claim against the Highway Commission, but would only allow apportionment of the fault between the Highway Commission and Ralph D. Cole. *Gustafson v. Benda,* 661 S.W.2d 11 (Mo. banc 1983); *Missouri Pacific Railroad Co. v. Whitehead & Kales Co.,* 566 S.W.2d 466; *and see State ex rel. Missouri Highway and Transportation Commission v. Appelquist,* 698 S.W.2d 883 (Mo.App.1985).

Judgment reversed and cause remanded for further proceedings.

All concur.