Joseph **MISPAGEL** and **Penny Mispagel**, Appellants,

v.

**MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION**, et al., Respondents.

No. 71488.

Supreme Court of Missouri, En Banc.

March 13, 1990.

Gretchen Myers, James E. Hullverson, Jr., St. Louis, for appellants.

John H. Gladden, Asst. Chief Counsel, Missouri Highway & Trans. Com'n, Jefferson City, Alan R. Schmidt, Asst. Counsel, Paul R. Ferber, Rich Tiemeyer, Missouri Highway & Trans. Com'n, Kirkwood, David G. Ott, John G. Doyen, Clayton, for respondents.

BLACKMAR, Chief Justice.

On June 2, 1986, the plaintiff Joe Mispagel was driving his motorcycle on Highway O in Franklin County when he was struck by a car driven by defendant Tim Jolley, which entered the highway from a private road. Joe and his wife Penny filed suit against numerous defendants. This phase of the case involves defendants Missouri Highway and Transportation Commission and James L. and Dixie Puckett, owners of the fee in the land adjoining the highway on the north. After these defendants were dismissed on motions later described the plaintiffs proceeded to trial against Jolley, obtaining a judgment which has not been satisfied.

The claim against the Highway Commission was brought pursuant to § 537.600.1(2), adopted in 1985 and reenacted with additions in 1989. The Commission moved to dismiss the petition, asserting among other things that § 537.600 as enacted in 1985 was unconstitutional in that it was contained in a bill which dealt with more than one subject. (Mo. Const. art. III § 23). The trial court sustained the motion on this assigned ground.

The claim against the Pucketts asserted that they were guilty of maintaining a public nuisance and of negligence in allowing weeds to grow on the property which obstructed the view of persons entering and using the highway. The Pucketts moved for summary judgment, accompanying their motion with affidavits and depositions demonstrating that the weeds were on the highway right of way and not on their unencumbered land. The trial court sustained this motion.

The plaintiffs appealed from the judgments against them, invoking our jurisdiction by reason of the trial court's finding of unconstitutionality. We of course have jurisdiction of the entire case. Mo. Const. art. V, § 3. We affirm as to the Pucketts, but reverse and remand as to the Highway Commission.

I. *The Claim Against the Highway Commission*

Section 537.600, enacted in 1985 and reenacted in 1989, reads as follows:

1. Such sovereign or governmental tort immunity as existed at common law in this state prior to September 12, 1977, except to the extent waived, abrogated or modified by statutes in effect prior to that date, shall remain in full force and effect; except that, the immunity of the public entity from liability and suit for compensatory damages for negligent acts or omissions is hereby expressly waived in the following instances:

\* \* \* \* \* \*

(2) Injuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition. In any action under this subdivision wherein a plaintiff alleges that he was damaged by the negligent, defective or dangerous design of a highway or road, which was designed and constructed prior to September 12, 1977, the public entity shall be entitled to a defense which shall be a complete bar to recovery whenever the public entity can prove by a preponderance of the evidence that the alleged negligent, defective, or dangerous design reasonably complied with highway and road design standards generally accepted at the time the road or highway was designed and constructed.

\*  \*  \*  \*  \*  \*

■ Most of the briefing and argument treats of the question whether § 537.600, as enacted in 1985, was included in a bill that dealt with more than one subject, and therefore was in violation of art. III, § 23, of the Missouri Constitution. Inasmuch as the section was reenacted in 1989, we do not need to reach this interesting question. The reenacting bill was not subject to the alleged infirmity asserted against the 1985 bill. Any defect in the enactment, therefore, has been cured.

■ It cannot be argued that the 1989 statute cannot be applied because the accident occurred in 1986. Statutes waiving

governmental immunity apply retroactively, in the absence of contrary language. *Wilkes v. Missouri Highway and Transportation Commission*, 762 S.W.2d 27 (Mo. banc 1988). Such statutes do not create new rights, but simply confer an authority to sue that has been previously lacking. The legislature may confer authority to sue on existing claims.

■ The Commission next argues that there is an inconsistency between §§ 537.600 and 537.610. The latter section waives sovereign immunity to the extent that insurance proceeds are available. The argument is unsound for a number of reasons. Section 537.610 was initially enacted in 1978, and § 537.600 was twice enacted after that date. The reenactment of § 537.610 in substantially the same language does not change its status as an earlier statute, which the later enactment was designed to modify.[1] Section 537.600.-1(2), moreover, deals expressly with liability for negligent construction and maintenance of highways. The specific necessarily prevails over the general.[2]

The Highway Commission has not briefed any other alleged deficiencies in the petition, and so there is no reason to consider these. Inasmuch as the only ground here asserted for dismissal is legally unsupportable, we reverse the judgment in favor of the Highway Commission and remand for further proceedings.

## II. *The Claim Against the Pucketts*

■ The plaintiffs claim that the Pucketts maintained a dangerous condition on their land consisting of a growth of weeds that obstructed the view of the travellers on the highway and the intersecting private road. The Pucketts sought to demonstrate in their affidavits and depositions that the offending weeds were growing on the highway right-of-way and not on their unencumbered land. The plaintiffs filed no

1. *Messick v. Grainger,* 356 Mo. 1227, 205 S.W.2d 739 (1947); *Colabianchi v. Colabianchi,* 646 S.W.2d 61 (Mo. banc 1983).

2. *Bartley v. Sp. Sch. Dist. of St. Louis City,* 649 S.W.2d 864 (Mo. banc 1983); *State ex rel. Fort Zumwalt Sch. Dist. v. Dickherber,* 576 S.W.2d 532 (Mo. banc 1979).

counteraffidavits and presented no evidentiary challenge.

Summary judgment is appropriate only if the motion papers and supporting materials demonstrate that there is no genuine issue of fact, so that the movant is entitled to judgment as a matter of law. The motion and supporting papers are construed strictly against the movant.[3] When the movant has produced substantial evidence in appropriate form, however, the opposing party may not rely on the pleadings, but must come forward with counteraffidavits or other suitable proof in opposition to the motion.[4] The obligation to go forward is especially appropriate for an issue on which the party opposing the motion has the burden of proof.[5]

James Puckett's affidavit states that their lot is separated from the highway right-of-way at a point approximately six to eight feet north of the weeded area described in the petition, and that the line is marked by an iron stake. Dixie Puckett's affidavit is substantially identical. These sworn statements were sufficient to oblige the plaintiffs to make some demonstration that they could show that the allegedly offending growth was not on the highway right-of-way. They failed to do so. We do not perceive the contradiction in Mrs. Puckett's deposition that the plaintiffs assert.

We reject the argument that the Puckett's base fee interest, burdened by the easement, is a property interest owned by them so as to impose affirmative duties of maintenance. The Commission has control of the surface of the right of way to the extent necessary for highway purposes, to the exclusion of the owners of the fee.[6] The Commission is responsible, and the owners are not responsible, for any required cutting and mowing.

Because the weeds alleged to offend were not on property controlled by the Pucketts, we need not consider the intriguing and somewhat intricate problem of the liability of a landowner for failing to cut naturally growing vegetation.

The judgment in favor of the Puckett defendants is affirmed. The judgment in favor of the defendant Missouri Highway and Transportation Commission is reversed and the case is remanded for further proceedings.

All concur.

---

**3.** *First National Bank of St. Charles v. Chemical Products, Inc.,* 637 S.W.2d 373 (Mo.App.1982).

**4.** *Hyten v. Cape Mut. Ins. Co.,* 663 S.W.2d 430 (Mo.App.1983); Supreme Court Rule 74.04(e).

**5.** *See,* Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2727.

**6.** *Gnau v. Union Electric Co.,* 672 S.W.2d 142 (Mo.App.1984); *Stotzenberger v. Perkins,* 332 Mo. 391, 58 S.W.2d 983 (1933); *Swingler v. Robinson,* 321 S.W.2d 29 (Mo.App.1959).