Andrew W. BROWN, Appellant,

v.

MISSOURI HIGHWAY AND TRANS-
PORTATION COMMISSION, and State
Farm Fire & Casualty Company, Re-
spondents.

No. WD 43635.

Missouri Court of Appeals,
Western District.

Jan. 29, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 5, 1991.

Application to Transfer Denied
April 9, 1991.

Daniel J. McMichael of Kopsky, Vouga, McMichael & Logan, P.C., Chesterfield, for appellant.

Sam Rynearson of Evans & Dixon, Robert Benbenek, St. Louis, Paul R. Ferber of Missouri Highway & Transp. Com'n, Kirkwood, for respondents.

Before MANFORD, P.J., and BERREY and GAITAN, JJ.

MANFORD, Presiding Judge.

This is a direct appeal from an order sustaining respondent's, Missouri Highway and Transportation Commission, motion to dismiss and sustaining respondent's, State Farm Fire & Casualty Company, motion for summary judgment. The judgment of the trial court is reversed and remanded in part and affirmed in part.

Plaintiff-appellant, Andrew W. Brown, (hereinafter plaintiff) appeals from an order dismissing his claim against Missouri Highway and Transportation Commission, for injuries sustained in an automobile accident. Plaintiff also appeals from a summary judgment in favor of State Farm Fire & Casualty Company (hereinafter State Farm), relating to the same automobile accident, granted on the ground of the late reporting of a "phantom vehicle" and such reporting was not in compliance with the reporting requirements of the insurance policy. The sole ground cited by the trial court for dismissal of Count I of the petition against Missouri Highway and Transportation Commission (hereinafter MHTC) was that the petition failed to state a claim upon which relief could be granted. In Count I of his petition against MHTC, plaintiff alleges that the state, under § 537.600, RSMo Supp.1985, had waived its sovereign immunity in the type of claim alleged by his petition.

Count II of plaintiff's petition against State Farm, pleaded inconsistently with Count I, alleges that an unidentified motorist caused the automobile accident in question and as such, plaintiff is entitled under the insurance policy to uninsured motorist protection.

The following facts are pertinent to both the motion to dismiss and the motion for summary judgment.

The petition alleges that on November 9, 1985, plaintiff was traveling in an eastwardly direction on Route M approximately 2.1 miles east of the intersection of Missouri Route 21 in Jefferson County. The car plaintiff was driving left the pavement of the road, causing plaintiff to lose control of his car.

Plaintiff alleges the accident and his injuries resulted from a dangerous condition of the shoulder of Route M for which MHTC was accountable. The petition sets out in pertinent part:

Defendant [MHTC] is an official department of the government of the State of Missouri, organized pursuant to the Missouri Constitution, Article Four, Section 29, and further that the Defendant's [MHTC] sovereign immunity for liability and suit for the negligence, acts and omissions herein alleged, is waived by V.A.M.S. 537.600.1(2), (1985).

That on November 9, 1985, Plaintiff was traveling in an eastwardly direction on Route M approximately 2.1 miles east of the intersection of Missouri Route 21 in Jefferson County.

That Defendant [MHTC] has authority over and is responsible for the design, condition, and maintenance of that part of Route M on which Plaintiff was injured.

On November 8, 1985, while Plaintiff was traveling on Route M, Plaintiff's wheels did leave the pavement of the road, thereby causing Plaintiff to lose control of his automobile, which turned over on this route.

[T]he proximate cause of the accident was the negligence and carelessness of the Defendant [MHTC] in that the Defendant [MHTC], through its agents and employees, did negligently and carelessly cause the roadway at the time and place of the accident to be in a dangerous

condition. The Defendant [MHTC] was negligent in the following respects:

Defendant [MHTC] failed to construct a shoulder on said Route at the location of the accident.

Defendant [MHTC] constructed and maintained the road with a [sic] 18″ to 24″ vertical drop from the edge of the road to the boulder strewn unpaved steep terrain running along the road.

That Defendant [MHTC] failed to construct barriers or guard rails to guard against the [abovementioned] hazards.

That Defendant [MHTC] failed to warn the Plaintiff of the presence of this hazard and the dangerous condition on the road.

That Plaintiff's injuries directly resulted from the dangerous condition and that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred by Plaintiff.

MHTC filed its motion to dismiss, claiming in summary and pertinent to matters on appeal, (1) plaintiff fails to state a cause of action in exception to the sovereign immunity doctrine pursuant to § 537.600, RSMo Supp.1985, (2) that § 537.600, RSMo Supp.1985 violates Missouri Constitution Article III, § 23 in that the Bill presented on § 537.600 contains more than one subject, and (3) that plaintiff's claim is outside the jurisdiction of the trial court in that Article IV, § 29 to the Constitution of Missouri provides that MHTC has exclusive jurisdiction over highway design.

The trial court granted MHTC's motion to dismiss, stating that the "[p]etition fails to state grounds upon which relief can be granted."

Plaintiff appeals from that judgment.

Plaintiff further appeals the summary judgment accorded State Farm. The facts regarding the summary judgment, as viewed in a light most favorable to plaintiff, are as follows: As a result of this automobile accident, plaintiff has no memory of the vehicle that ran him off of Route M. Plaintiff's counsel was unaware that an unknown vehicle was involved in the accident until he received a statement taken by his investigator from a Stephanie O'Brien on May 18, 1986. In that statement, Ms. O'Brien states she observed a vehicle going west, partially in plaintiff's lane, just prior to the accident.

State Farm was notified of plaintiff's uninsured motorist claim by letter to plaintiff's agent on November 6, 1986. State Farm did not respond, prompting a second letter sent by plaintiff's attorney which provided a copy of the previous notice sent to State Farm and a copy of Ms. O'Brien's statement. On August 13, 1987, State Farm acknowledged that they were the liability insurance carrier.

On July 23, 1987, State Farm notified plaintiff's attorney, stating that State Farm had made several unsuccessful attempts to obtain a statement from Ms. O'Brien.

Plaintiff's uninsured motorist claim was denied on the merits by State Farm of January 14, 1988. Late reporting was not cited as the basis of denial.

All of the above facts in connection with the motion for summary judgment are set out by affidavits filed with the court. State Farm filed its motion for summary judgment based on late reporting of the accident alleging that, under the insurance policy affording coverage to plaintiff, plaintiff was to report a "phantom vehicle" accident to the police within 24 hours and to State Farm within 30 days of the accident. Plaintiff did not do so, and thus, the trial court granted summary judgment for State Farm against plaintiff.

This appeal, because of the constitutional claims asserted in the action, was appealed to the Missouri Supreme Court. Subsequently, and for reasons more fully set out later in the text, the case was transferred to this court. Any additional facts necessary to dispense with this appeal will be discussed, *infra*.

This court will first discuss the motion to dismiss MHTC granted by the trial court.

The first question presented on this issue is in regard to the constitutionality of § 537.600, RSMo Supp.1985. The question has been decided by the Supreme Court of

Missouri in *Mispagel v. Highway and Transp. Com'n.*, 785 S.W.2d 279 (Mo. banc 1990). Pursuant to the *Mispagel* opinion, this cause was then transferred to this court.

In *Mispagel*, Chief Justice Blackmar dispensed with the Article IV, § 23 contention that § 537.600, as enacted in 1985, was included in a bill that dealt with more than one subject, and therefore was in violation of the Missouri Constitution. He wrote in *Mispagel:*

> Most of the briefing and argument treats of the question whether § 537.600, as enacted in 1985, was included in a bill that dealt with more than one subject, and therefore was in violation of art. III, § 23, of the Missouri Constitution. Inasmuch as the section was reenacted in 1989, we do not need to reach this interesting question. The reenacting bill was not subject to the alleged infirmity asserted against the 1985 bill. Any defect in the enactment, therefore, has been cured.

> It cannot be argued that the 1989 statute cannot be applied because the accident occurred in 1986. Statutes waiving governmental immunity apply retroactively, in the absence of contrary language. *Wilkes v. Missouri Highway and Transportation Commission*, 762 S.W.2d 27 (Mo. banc 1988). Such statutes do not create new rights, but simply confer an authority to sue that has been previously lacking. The legislature may confer authority to sue on existing claims.

*Mispagel* at 281. Such retroactive application of § 537.600, RSMo Supp.1989 applies equally to this case.

■ The question now turns to whether plaintiff's petition is satisfactorily pleaded so as to fall within the sovereign immunity exception. If it does not, then the trial court is correct in granting MHTC's motion to dismiss.

■ The scope of review of a motion to dismiss requires an examination of the pleadings allowing them their broadest intendment, treating all facts alleged as true, construing the allegations favorably to plaintiff, and determining whether, upon that basis, the petition invokes principles of substantive law. *Porter v. Crawford & Co.*, 611 S.W.2d 265, 266 (Mo.App.1980).

Here, plaintiff's petition, specifically Count I as it relates to MHTC, *supra*, sufficiently alleges the elements set out in § 537.600.1(2), RSMo Supp.1989.[1]

Three cases, while not directly on point, are particularly persuasive to the outcome of this case. In *Cole v. Mo. Highway & Transp. Com'n*, 770 S.W.2d 296 (Mo.App. 1989), plaintiff alleged in his pleading that MHTC failed to warn and to properly warn through proper signing and road marking and through other appropriate steps of an obscured and sudden curvature of a road-

---

1. Section 537.600.1(2) reads:

   **537.600. Sovereign immunity in effect—exceptions—waiver of**

   1. Such sovereign or governmental tort immunity as existed at common law in this state prior to September 12, 1977, except to the extent waived, abrogated or modified by statutes in effect prior to that date, shall remain in full force and effect; except that, the immunity of the public entity from liability and suit for compensatory damages for negligent acts or omissions is hereby expressly waived in the following instances: ...

   (2) Injuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity with the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition. In any action under this subdivision wherein a plaintiff alleges that he was damaged by the negligent, defective or dangerous design of a highway or road, which was designed and constructed prior to September 12, 1977, the public entity shall be entitled to a defense which shall be a complete bar to recovery whenever the public entity can prove by a preponderance of the evidence that the alleged negligent, defective, or dangerous design reasonably complied with highway and road design standards generally accepted at the time the road or highway was designed and constructed.

way, and a subsequent obscured intersection and stop sign. *Cole* at 297.

Citing *Donahue v. City of St. Louis*, 758 S.W.2d 50 (Mo. banc 1988), the *Cole* court wrote that the Missouri Supreme Court reversed the trial court's dismissal of plaintiff's petition in *Donahue* because traffic control devices are encompassed in the negligent, defective, or dangerous designs of roads and highways and, thus, traffic control devices are contemplated within the clear unambiguous meaning of § 537.600. *Cole* at 298, citing *Donahue* at 52.

In the third case, *Wilkes v. Mo. Highway and Transp. Com'n*, 762 S.W.2d 27 (Mo. banc 1988), plaintiffs alleged in their petition that a bridge was so situated that an operator of a motor vehicle had no notice of it until almost upon it, thus constituting a dangerous condition. The petition further alleged that MHTC was negligent in failing to erect signs warning of the danger of the bridge being icy or warning drivers to reduce their speed when approaching the bridge; and that the roadway and bridge were negligently constructed because they posed a danger to motorists because of a curve in the road just before the bridge. *Wilkes* at 28. Summary judgment in favor of defendant was reversed and the cause remanded to the trial court for further proceedings consistent with the opinion. *Wilkes* at 29.

The question becomes whether shoulders and guardrails are encompassed in the negligent, defective, or dangerous design of roads and highways. As stated in *Donahue* and *Cole*, *supra*, the primary purpose in the design of roads and highways are (1) expediting the flow of traffic, and (2) safety. *Cole* at 298. Shoulder construction and installation of guard rails are an integral part of expediting traffic flow and attaining safety on roadways. This court, then, holds that the construction, or lack thereof, of shoulders and guardrails are contemplated within the clear unambiguous meaning of § 537.600.

Dismissal on the petition in this case, therefore, was improper. As stated in *Cole*, except in cases where the public entity can prove the defense of "state of the art" by a preponderance of the evidence, "the jury will decide questions of defective design and dangerous condition of property as in other tort cases" in cases filed pursuant to § 537.600.1(2). *Cole* at 298, citing *Donahue* at 53.

This court finds that appellant's petition is sufficient to state a cause of action under § 537.600.1(2), RSMo Supp.1989.

■ MHTC's contention that Article IV, § 29 of the Missouri Constitution applies so as to abrogate the applicability of § 537.600, is without merit. Plaintiff's allegations in his petition fall within those instances where sovereign immunity is waived as set out by § 537.600.

■ Further, MHTC contends that plaintiff's claim in Count I should be barred because of his allegation in Count II that an unidentified vehicle crossed over into plaintiff's lane and caused plaintiff's wheels to leave the road. MHTC's contention rests upon the theory that § 537.600 does not encompass a cause of action for consequential injuries which were directly caused by the negligence of a third party. As stated by this court in *Cole*, "[t]his argument has disquieting echoes of the active negligence-passive negligence dichotomy which plagued us before, *citing, Missouri Pacific Railroad Company v. Whitehead & Kales Company*, 566 S.W.2d 466, 470 (Mo. banc 1978)." *Cole* at 298.

Proof of the negligence of the unidentified motorist concurring with that of MHTC to cause the accident and plaintiff's resulting injuries would not defeat plaintiff's claim against MHTC, but would allow apportionment of the fault between MHTC, the unidentified driver and, for that matter, plaintiff. *Cole* at 299, citing *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. banc 1983). Therefore, this court reverses and remands this portion of the trial court's judgment dismissing Count I of plaintiff's petition for further proceedings consistent with this opinion.

This court now addresses the trial court's grant of summary judgment in favor of State Farm on Count II of plaintiff's petition. The motion was granted because

plaintiff failed to report the accident within the time constraints of the policy.

Plaintiff presents two points on this issue. First, that the trial court erred in sustaining State Farm's motion for summary judgment in that it violates public policy to construe the policy so as to require plaintiff to report a "phantom vehicle" of which he had no knowledge until after the time limits of the policy had run, and, therefore, there exists a genuine issue of material fact. Secondly, on this issue, plaintiff asserts that the trial court erred in granting summary judgment because State Farm had waived any right it may have had to rely on a late reporting defense because, prior to their motion for summary judgment, late reporting was not stated by State Farm as a ground for denying liability.

On appeal from a summary judgment, this court is required to view the record in a light most favorable to appellant. *Zafft v. Eli Lilly & Co.*, 676 S.W.2d 241, 244 (Mo. banc 1984). "Summary judgment is appropriate in the first instance only when no theory within the scope of the pleadings, depositions, admissions and affidavits filed would permit recovery and the moving party is entitled to judgment as a matter of law." *Id.*

■ Plaintiff's policy contains the following provision pertaining to uninsured motorist coverage:

REPORTING A CLAIM—INSURED'S DUTIES

**4. Other Duties Under Medical Payments, Uninsured Motor Vehicle, Underinsured Motor Vehicle, Death, Dismemberment and Loss of Sight, Total Disability And Loss of Earnings Coverages.**

The **person** making claim also shall:

e. under the uninsured motor vehicle coverage, report a "phantom vehicle" accident to the police within 24 hours and to us within 30 days.

Plaintiff does not dispute that he did not advise any law enforcement of any "phantom vehicle" within 24 hours, nor is it disputed by plaintiff that the "phantom vehicle" was not reported within 30 days of the accident.

The cases of *Girard v. State Farm Mut. Auto. Ins. Co.*, 737 S.W.2d 254 (Mo.App. 1987), *Billings v. State Farm Mut. Auto. Ins.*, 741 S.W.2d 886 (Mo.App.1987), and *Friend v. State Farm Mut. Auto. Ins. Co.*, 746 S.W.2d 420 (Mo.App.1988) have all upheld notice provisions when a "phantom vehicle" is involved. The decision to uphold this type of notice provision is based upon public policy concerns. As stated in *Billings, supra:*

Strong public policy interests are protected through the use of notice provisions. For, the insured public will incur additional and unnecessary costs if insurers are forced to pay stale claims, as to which the insurer has not been accorded the opportunity to conduct an investigation while the facts are still fresh. This consideration is particularly acute in a situation such as the present case, where an unidentified, "hit and run" or "phantom" vehicle is involved.

*Billings* at 888.

Plaintiff, in the case at bar, asks the court to ignore the terms of the policy where an insured could not have known of the existence of a vehicle until after the notice time had run and where an eyewitness, not the claimant, supports claimant's phantom vehicle claim.

The facts of *Friend, supra,* are analogous to this case. In *Friend,* the plaintiff was unconscious in the road next to a bicycle she had been riding. She was released from the hospital 25 days later, and she then remembered seeing a vehicle behind her right before the accident. She sought to file a claim based on the "phantom vehicle" provision approximately five months after the accident. *Friend* at 421. The court found that her amnesia did not warrant the avoidance of the policy provisions. *Id.* at 423. The court noted public policy reasons for application of notice provisions and concluded that noncompliance with those provisions is a "material breach of the policy." *Id.* This court finds *Friend* controlling, and affirms the trial court's summary judgment.

As for plaintiff's assertions that State Farm had waived its right to assert late reporting as a defense or that State Farm is estopped from asserting late reporting as a defense, these must fail. Waiver is founded upon the intentional relinquishment of a known right. *Brown v. State Farm Mut. Auto. Ins. Co.*, 776 S.W.2d 384, 386 (Mo. banc 1989). The *Brown* case asserts that estoppel, not waiver, is the preferred theory when the insurer elects a policy defense such as *lack of notice*. *Brown* at 388. Therefore, this court declines to analyze plaintiff's contention under the doctrine of waiver.

Further, plaintiff has failed to meet the elements that a party asserting estoppel must prove:

(1) an admission, statement or act inconsistent with the claim afterwards asserted and sued upon, (2) action by the other party on the faith of such admission, statement or act, and (3) injury [prejudice] to such other party, resulting from allowing the first party to contradict or repudiate the admission, statement, or act.

*Brown* at 388.

Here, plaintiff seeks to rely on State Farm's statement denying his claim, that plaintiff was the sole cause of his injury in the accident, to avoid proof of notice, a condition precedent to recover here. Further, plaintiff has failed to establish that he relied to his detriment on the insurer's stated position. *Brown* at 389. "No ... estoppel results ... where no prejudice results to the claimant from reliance on the statement of the insurer." *Brown* at 389.

Plaintiff has failed to prove he was prejudiced in any way. His assertion that had State Farm's denial of coverage been more explicit plaintiff would have proceeded against State Farm at an earlier time does not provide any facts upon which prejudice can be found.

In this case, plaintiff is denied coverage as a matter of law, and, therefore, the doctrines of estoppel or waiver may not be invoked. The summary judgment of the trial court in favor of State Farm is affirmed.

This case is affirmed in part and reversed and remanded in part to the trial court for further proceedings consistent with this opinion.

All concur.