Rebecca YATES, Plaintiff–Appellant,

v.

**BUTLER COUNTY, MISSOURI,**
Defendant–Respondent.

No. 20643.

Missouri Court of Appeals,
Southern District,
Division Two.

July 31, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 22, 1996.

Joseph A. Rathert, Fenton, for appellant.

D. Keith Henson, of Paul, Camazine, & Blumenthal, P.C., Clayton, for respondent.

PREWITT, Judge.

Plaintiff was a passenger in a vehicle which left a bridge and went into a drainage ditch. She claimed damages for personal injuries, alleging that Defendant was negligent in several respects. Defendant's motion for summary judgment was sustained and Plaintiff appeals.

■ "When considering appeals from summary judgments, the Court will review the record in the light most favorable to the party against whom judgment was entered." *ITT Commercial Fin. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The adverse party is accorded the benefit of all reasonable inferences from the record. *Id.* This means that if movant requires an inference to establish his right to summary judgment, and the record reasonably supports any other inference, a genuine dispute exists and movant's prima facie showing fails. *Id.* at 382. As the movant on the motion for summary, Defendant has to "show a right to judgment flowing from facts about which there is no genuine dispute." *Id.* at 378.

■ For her first point, Plaintiff–Appellant contends that the trial court erred in granting summary judgment because there were facts from which a jury could determine Defendant was negligent as:

[T]he bridge in question did not have guardrails, that the approach to the bridge was lower than the bridge and as a result there was a bump at the end of the bridge and that there were no signs warning approaching vehicles of the existence of the bridge or the dangerous condition of the road and bridge.[1]

■ A dangerous condition of a public highway or road can be pled by allegations of negligent, defective, or dangerous design. *Johnson v. City of Springfield*, 817 S.W.2d 611, 614 (Mo.App.1991).

The parties agree that as the vehicle in which Plaintiff was a passenger approached or entered the bridge the driver applied the brakes. The vehicle then went off the bridge into a drainage ditch. The parties also agree that there were no guardrails on the bridge.

The driver stated in her deposition that she applied the brakes after her passengers asked whether she saw the bridge, loud enough to scare her. The driver indicated that she applied the brakes only because of her passengers' screaming as to whether she saw the bridge. After she applied the brakes, the car proceeded to slide or skid and left the bridge. Defendant relied on the driver's testimony and a statement and report of the highway patrolman who investigated the accident. Neither is conclusive enough to warrant summary judgment.

The trooper's testimony contained various conclusions which may not be admissible. The driver and the trooper did not state facts which would indicate that guardrails may not have kept the vehicle from leaving the bridge. A jury could find that guardrails would have kept the vehicle on the bridge and roadway. *See, e.g., Labit v. Tangipahoa Parish Council,* 581 So.2d 732, 734 (La.Ct. App.1991) (affirming trier of fact's judgment for plaintiffs based on finding that guardrails would have diverted decedent's vehicle allowing him to survive).

Neither the driver's testimony nor the highway patrolman's statement and report establish that Defendant was not negligent. *See Cole v. Mo. Highway & Transp. Comm'n,* 770 S.W.2d 296, 298–99 (Mo.App. 1989) (rejecting argument that driver's negligence that directly caused or directly contributed to cause the accident precluded plaintiff's claim). Lack of shoulders and guardrails may be sufficient to allow a jury to decide if there was defective design and a dangerous condition. *See Brown v. Mo. Highway & Transp. Comm'n,* 805 S.W.2d 274, 278 (Mo.App.1991); *Wilkes v. Mo. Highway & Transp. Comm'n,* 762 S.W.2d 27, 28 (Mo. banc 1988); *Fidanza v. Commonwealth of Pa., Dept. of Transp.,* 655 A.2d 1076, 1080 (Pa.Commw.1995) (holding that whether lack of guardrails along the roadway where plaintiffs had accident constituted a dangerous

---

1. Defendant–Respondent moved the court to dismiss Appellant's appeal because Appellant's points relied on did not comply with Rule 84.04(d). That may be correct as to one of Appellant's points, but not the others. The motion is denied.

condition which caused their injuries was a question for the fact finder and therefore required reversal of summary judgment).

 Whether lack of guardrails alone is sufficient for a jury to find a dangerous condition, we do not decide. If Plaintiff is correct as to the other facts stated in her point and quoted above, and we find nothing in the record disputing that, then there may be a sufficient showing that the jury could find in Plaintiff's favor. This Court is not prepared to say as a matter of law that under all circumstances lack of guardrails can never be a basis for liability of a governmental or other entity. See Fidanza, 655 A.2d at 1080, n. 7.

It is not necessary to decide Plaintiff's remaining points. Point I has merit and convinces us that there are disputed matters that preclude the entry of summary judgment.

The judgment is reversed and the cause remanded to the trial court for further proceedings.

CROW and PARRISH, JJ., concur.