**Brian K. MURRAY, Jr., et al., Respondents,**

v.

**MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Appellant.**

**State ex rel. Missouri Highways and Transportation Commission, Relator,**

v.

**The Honorable John C. Brackman, Judge of the Circuit Court of Franklin County, Missouri, Respondent.**

**Nos. SC 82849, SC 82779.**

Supreme Court of Missouri, En Banc.

Jan. 31, 2001.

Zachary T. Cartwright, Gregory W. Schroeder, Rich Tiemeyer, Jefferson City, for Missouri Highways and Transportation Commission.

David L. Steelman, Stephen F. Gaunt, Rolla, for John C. Brackman.

Martin Mazzei, James A. Broshot, Donald A. Hale, Steelville, for Brian K. Murray, Jr., et al.

WOLFF, Judge.

In these two cases the Missouri Highways and Transportation Commission challenges the constitutionality of a 1999 statute that requires the commission to submit to arbitration when a plaintiff with a negligence claim against the commission requests arbitration. This Court has jurisdiction. Mo. Const. art. V, secs. 3 and 4. The cases are consolidated for purposes of this opinion. The statute is constitutional, and the orders to arbitrate that were issued in these cases are valid.

## Facts

### *Brian K. Murray, Jr., et al., v. Missouri Highway and Transportation Commission*

Michael Allen Gruver's car crashed through a wire guard fence on state highway JJ in Jefferson County, Missouri, and collided with a tree. Gruver and his passenger, Brian K. Murray, Sr., were killed. Murray's minor children sued the estate of Michael Allen Gruver and the commission. Gruver's estate entered into a settlement agreement with Murray's minor children. In the Murray children's claim against the commission, it is alleged that the guard fence was in a dangerous condition at the time of the crash and that the condition of the fence was a direct cause of the death of their father. Before trial, the Murray children filed a motion for arbitration pursuant to section 226.095, RSMo Supp.1999.[1] The trial court sustained the motion. The commission filed for a writ of prohibition in the court of appeals, which was denied. The trial court entered judgment requiring arbitration, and the commission appealed. The matter was transferred to this Court by the court of appeals. Mo. Const. art. V, sec. 11.

### *State ex rel. Missouri Highways and Transportation Commission v. The Honorable John C. Brackman*

Ted R. Tackett brought suit against the commission as a result of a single-car crash on an interstate highway in Franklin County. Tackett alleged that the commission was negligent with respect to a dangerous condition on interstate Highway 44, which caused the accident on April 9, 1997, where Tackett was injured. In Tackett's lawsuit against the commission, he filed a motion requesting arbitration pursuant to section 226.095, and the commission responded challenging the validity of the statute. The trial judge sustained the motion to arbitrate on May 5, 2000. The commission's attempt to appeal the judge's order to the court of appeals was dismissed for lack of appellate jurisdiction because there was no judgment entered in the case. The commission then sought a writ of prohibition in this Court, and the Court issued its preliminary writ in prohibition August 29, 2000.

### The Arbitration Statutes

The 1999 statute requiring arbitration states: "Upon request of the plaintiff in a negligence action against the department of transportation as defendant, the case shall be arbitrated by a panel of three arbiters pursuant to the provisions of chapter 435, RSMo." Section 226.095.[2]

---

1. References to section 226.095 are to RSMo Supp.1999. All other statutory references are to RSMo 1994, unless otherwise noted.

2. Section 226.095 refers to an action against "the Department of Transportation." The statutory phrase encompasses the Missouri Highways and Transportation Commission, which

Chapter 435, RSMo, is entitled "Arbitration" and contains the Uniform Arbitration Act,[3] as adopted in Missouri. The chapter sets out a standardized set of procedures to be followed in arbitrations.

Arbitration is usually the subject of an agreement, and the general provisions of chapter 435 govern if an arbitration agreement does not specify procedures to the contrary. For example, an arbitration agreement might specify the identity of the arbitrator or arbitrators.[4] Section 435.360 provides a procedure for obtaining a court-appointed arbitrator where the provisions of agreement cannot be followed or the methods specified in the agreement for some reason cannot be followed. Arbitration agreements might provide for a single arbitrator or a panel of arbitrators. With the latter, unless the agreement otherwise specifies, section 435.365 provides that the powers may be exercised by a majority. These provisions are set forth as examples of the generic nature of the arbitration chapter; these provisions are useful when parties make agreements that provide for arbitration, because they provide a set of procedures to be followed in the absence of contrary provisions of an arbitration agreement. The chapter's arbitration provisions save the parties to an arbitration agreement from having to specify and repeat in detail common provisions to govern their arbitrations.

Similarly, the general assembly in section 226.095 simply makes reference to "provisions of chapter 435" rather than setting out specific arbitration procedural provisions that already appear in the chapter. Section 226.095 is, in effect, an offer to arbitrate made on behalf of the commission by the state through the statute. If the plaintiff makes a request, there is an arbitration agreement.

The offer of arbitration in section 226.095 is for a panel of "three arbiters." Since section 226.095 does not say how the arbiters will be chosen, the court will choose them under the provisions of section 435.365.

## The Commission's Challenges to the Statute

The commission raises one statutory objection and three constitutional challenges to the arbitration required in section 226.095. They are:

(1) The commission has not agreed to arbitrate these cases, and section 435.355.1 requires an agreement before a party may be ordered to submit to arbitration. This is the commission's nonconstitutional, statutory interpretation argument.

(2) Section 226.095 is unconstitutional because it delegates judicial power to determine questions of law to an arbitration tribunal, which is a power reserved to the courts by article V, section 1 of the Missouri Constitution, and the statute also violates the separation of powers provision of article II, section 1.

(3) The general assembly lacks constitutional authority to agree to arbitration on behalf of the commission, and the statute cannot be construed as an agreement to arbitrate, because that would authorize the contracting of the liability of the state in

was named as defendant in these cases. The Missouri Constitution, art. IV, sec. 29 states: "The department of highways and transportation shall be in charge of a highways and transportation commission." And section 226.005, RSMo Supp.1999, provides that the department of highways and transportation is now known as the "Department of Transportation," and is "in charge of state highways and transportation commission as provided by the constitution and statutes." Section 226.095, which requires the "department of transportation" to submit to arbitration, applies to the entity actually sued in this case,

the Missouri Highways and Transportation Commission. We refer to the defendant entity here as "the commission," even though in some statutes it is referred to as "the department."

3. Sections 435.350 to 435.470.

4. There is no significance in the use of the word "arbiters" in section 226.095 and the word "arbitrators" in chapter 435. They have the same meaning.

violation of article III, section 37, and would authorize payment of claims against the state in violation of article III, section 39(4) of the Missouri Constitution.

(4) Section 226.095 is unconstitutional as a special law, under article III, sections 40(4) and (30), in that it only applies to claims against the commission, which may already be resolved under existing general laws and in that it limits the jurisdiction of the courts and may result in changing the rules of evidence in proceedings against the commission.

These contentions will be addressed in the above order.

## 1. The statutory argument that the commission has not agreed to arbitrate

■ The commission first asserts that it has not contractually agreed to arbitrate the claims in these two cases. The state, through duly enacted legislation, can require the commission to submit to arbitration pursuant to section 226.095. See section 3, *infra.* There is no requirement that the commission expressly agree to arbitration, because the legislation has agreed on the commission's behalf.

The commission asserts that a court has no jurisdiction to order arbitration pursuant to chapter 435 unless that court finds a prior written agreement between the parties to arbitrate. This, the commission states, requires that the parties have entered into a written agreement to arbitrate that dispute.

■ "The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to the intent if possible, and to

consider the words in their plain and ordinary meaning." *Wolff Shoe Co. v. Director of Revenue,* 762 S.W.2d 29, 31 (Mo. banc 1988). Construction of statutes should avoid unreasonable or absurd results. *Taylor v. McNeal,* 523 S.W.2d 148, 152 (Mo. App.1975). Furthermore, the legislature is not presumed to have intended a meaningless act. *City of Willow Springs v. Missouri State Librarian,* 596 S.W.2d 441, 444 (Mo. banc 1980).

■ When section 226.095 was adopted in 1999, chapter 435 already existed. It includes section 435.355, which provides that a court may order parties to proceed to arbitration on the application of a party showing an agreement to arbitrate as provided in section 435.350. The language of section 226.095—that claims "shall be arbitrated ... pursuant to the provisions of Chapter 435"—supercedes section 435.465,[5] which provides that chapter 435 applies only to written agreements between "commercial persons" and does not include governmental entities. Section 435.465 does not prohibit the general assembly from applying the statute's procedures to arbitrations involving the commission.

Although section 226.095 provides that a case "shall" be arbitrated upon the request of a plaintiff in a negligence action, the commission's interpretation of that provision is that such cases shall be arbitrated upon request of the plaintiff only if there has been an agreement to arbitrate, or section 226.095 can never effectively require arbitration because it is not a commercial person subject to the provisions of chapter 435. Either interpretation would

**5.** Section 435.465 provides:
1. Sections 435.350 to 435.470 shall apply only to written agreements between commercial persons, or between such persons and those with whom they contract other than commercial persons, involving the submission of any existing controversy to arbitration, or involving a written contract between commercial persons, or between such persons and those with whom they contract other than commercial per-

sons, to submit to arbitration any controversy thereafter arising between such parties. Such agreements and provisions are valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract.
2. As used in subsection 1 of this section, the term **"commercial persons"** shall mean all persons and legal entities, excluding any government or governmental subdivision or agency.

effectively render section 226.095 meaningless. Under its theory, section 226.095 would not apply to it because it is not subject to that section at all, or, even if it is subject to it, that section could be avoided by the commission's refusal to arbitrate.

However, as noted, the general assembly is not deemed to have done a meaningless act. The legislature is presumed, in enacting a statute, to intend a logical result. It cannot be logically or reasonably said that a statute, which says an arbitration "shall" occur if a request is made, actually means that the arbitration will happen only if the party against whom the request is made has agreed. For section 226.095 to have meaning, the commission's argument must fail.

**2. The commission's argument that section 226.095 is an unconstitutional delegation of judicial power**

 The commission asserts that section 226.095 is an unconstitutional delegation of judicial power and violates the principle of separation of powers under the Missouri Constitution. A statute that purports to give an administrative agency purely judicial power—the power of judicial review—violates the principle of separation of powers and is unconstitutional. *Lederer v. State, Dept. of Social Services, Div. of Aging*, 825 S.W.2d 858, 863 (Mo. App.1992). However, section 226.095 does nothing of the sort.

 Section 226.095 does not create a tribunal with the power of judicial review. It merely requires the commission to submit to arbitration before three arbiters, in accordance with the applicable procedures of chapter 435, RSMo. The purpose of arbitration is to encourage dispute resolution without resort to the courts, and it is a proceeding separate from litigation. *McCarney v. Nearing, Staats, Prelogar and Jones*, 866 S.W.2d 881, 892 (Mo.App. 1993).

The commission asserts constitutional infirmities in an arbitration proceeding, be-

cause the sole decision-making authority vests with the arbiters, who determine both questions of law and fact. Yet the commission does not contest the validity of chapter 435, and it concedes that parties, including the commission, can indeed agree to submit to arbitration under this chapter. That is exactly what is happening here—the state is agreeing to arbitration for the commission.

The commission also argues that section 226.095 lacks judicial review, which it says is fatal to section 226.095's constitutionality. But as noted above, the commission does not question the constitutionality of chapter 435. There are also provisions in chapter 435 for a party to confirm an arbitration award, section 435.400, and to vacate an award, section 435.405. Thus, judicial review of an arbitration award is available. Though the review is limited, it is nonetheless available.

Finally, *State v. Ralls*, 8 S.W.3d 64 (Mo. banc 1999), does not help the commission's position. *Ralls* involved the appointment of a drug commissioner, pursuant to section 478.466, RSMo Supp.1996, who was purportedly vested with "the powers and duties of a circuit judge." 8 S.W.3d at 64. The drug commissioner in *Ralls* conducted a jury trial to determine an individual's guilt or innocence of a felony charge. *Id.* at 65. This is a far cry from a voluntary arbitration process.

**3. The commission's argument that the general assembly cannot agree to arbitrate and that such arbitration would unconstitutionally authorize the contracting of liability of the state and payment of claims against the state**

 The commission argues that the general assembly has no constitutional authority to agree to arbitration on its behalf, nor can section 226.095 be construed as an agreement by the commission to arbitrate. The commission argues that it is constitutionally separate from the state, and it denies that the state can agree to arbitration on its behalf.

While the commission is insulated from the general assembly on some matters,[6] it most assuredly is a part of the state government. Unless the general assembly is specifically prohibited from an action that affects the commission, statutory control can be asserted over the commission. There is nothing in the constitution that specifically bars the general assembly from mandating arbitration or agreeing to arbitration. Section 226.095, thus, is within the general assembly's power over the commission.

■ The state, by statute, can constitutionally require the commission to arbitrate claims and has done so pursuant to section 226.095. As such, the commission's argument that it has not agreed to arbitrate these claims is without merit. The sovereign, subject to constitutional limitations, "may prescribe the terms and conditions under which it may be sued, and the decision to waive immunity, and to what extent it is waived, lies within the legislature's purview." *Williams v. City of Kansas City,* 782 S.W.2d 64, 66 (Mo. banc 1990) (quoting *Winston v. Reorganized School District R–2,* 636 S.W.2d 324, 328 (Mo. banc 1982)). The sovereign here is the State of Missouri, not the commission. *Jones v. State Highway Comm'n.,* 557 S.W.2d 225 (Mo. banc 1977); *see Winston, supra,* 636 S.W.2d at 328. *Jones* left it up to the general assembly to reinstate sovereign immunity in whole or in part. Section 537.600 reinstated sovereign immunity with exceptions that include liability for dangerous conditions of property, the basis of the claims in the present cases.

The point is that the sovereign is the state, not the commission; and the state, by statute, may waive or assert sovereign immunity. In the present cases, the state has waived sovereign immunity, and moreover, the state has agreed, pursuant to section 226.095, to submit to arbitration upon a plaintiff's request in a negligence action against the commission. The commission's unsupported assertions that its powers are not limited and defined by the legislature, and that the legislature does not have the constitutional authority to compel the commission to submit to arbitration of tort claims, are without merit.

■ The commission argues that, under the separation of powers clause of the Missouri Constitution, article II, section 1, it is impermissible for the general assembly to exercise any power properly belonging to the commission. While the commission does have constitutional charge over all state transportation programs and facilities, it does so only as provided by law. Mo. CONST. art. IV, sec. 29. "The State Highway Commission is vested only with such powers as are specifically conferred upon it by the constitution and statutes...." *State ex rel. State Highway Comm'n v. City of St. Louis,* 575 S.W.2d 712, 720 (Mo.App.1978). Article IV, section 29 of the Missouri Constitution specifically sets forth the power of the highways and transportation commission: "The highways and transportation commission shall have authority over all state transportation programs and facilities *as provided by law....*" (Emphasis added.) There is no provision in the Missouri Constitution to support the commission's claim that only the commission may agree to arbitration of actions brought against it.

The commission's assertion that the legislature does not have the constitutional authority to compel the commission to submit to binding arbitration of tort claims— even when properly signed into law by the governor—is virtually the same argument it used unsuccessfully in *Brown v. Missouri Highway and Transp. Comm'n,* 805 S.W.2d 274, 278 (Mo.App.1991), and *Nagy v. Missouri Highway and Transp. Comm'n,* 829 S.W.2d 648, 650 (Mo.App. 1992). In *Brown* and *Nagy,* the commission contended that article IV, section 29

---

6. For example, a statute purporting to require the members of the commission to all be of the same political party would be outside the scope of the general assembly's power to regulate the commission. Mo. CONST. art. IV, sec. 29.

of the Missouri Constitution abrogated the applicability of the sovereign immunity waiver statute, section 537.600. But *Brown* specifically rejected this argument, holding that the allegations in the plaintiff's petition fell squarely within the instance where sovereign immunity was waived. 805 S.W.2d at 278. Here, the commission suggests that article IV, section 29 of the Missouri Constitution abrogates section 226.095, though the commission has modified its argument to say that section 226.095 violates the separation of powers requirement. The commission's argument is again rejected. The commission has a constitutional charge to implement its programs as provided by law. Thus, the commission has a constitutionally recognized duty to follow section 226.095.

■ The commission asserts in the alternative that section 226.095 violates article III, section 39(4) of the Missouri Constitution, which provides that the general assembly shall not have the power to authorize the payment of any claim against the state under an agreement made without express authority of law.[7]

Is this the payment of a claim, and is there express authority? By its very terms, section 226.095 does not authorize the payment of any claim; it merely agrees to a method of resolving a dispute. To the extent section 226.095 could be construed as authorizing payment under an agreement, any such agreement has been authorized with the express authority of law by section 226.095. Thus, the commission's argument that section 226.095 violates article III, section 39(4) of the Missouri Constitution fails.

7. Article III, section 39(4) of the Missouri Constitution states:

> **Section 39. Limitation of power of general assembly.** The general assembly shall not have power:
> (4) To pay or to authorize the payment of any claim against the state or any county or municipal corporation of the state under any agreement or contract made without express authority of law[.]

■ The commission also asserts section 226.095 violates article III, section 37 of the Missouri Constitution, which states that "[t]he general assembly shall have no power to contract or authorize the contracting of any liability of the state, or to issue bonds therefore, [with limited exceptions]." The commission concedes that this provision is usually perceived as an impediment on state debt through bond issues. This Court has previously held that "liability" as used in article III, section 37 of our Constitution, "means, in its true context, *a contractual indebtedness,* present or future, absolute or contingent, which will or may be liquidated by general taxation." *Board of Public Bldgs. v. Crowe,* 363 S.W.2d 598, 605 (Mo. banc 1962) (emphasis added). The mere process of arbitration does not create a contractual debt; any liability lies in tort and not in contract.

## 4. The commission's argument that section 226.095 is unconstitutional as a special law, and that section 226.095 limits the jurisdictions of the courts and may result in changing the rules of evidence in proceedings against the commission

■ The commission argues that section 226.095 is unconstitutional because it is a special law in violation of article III, section 40(30) of the Missouri Constitution,[8] because it includes less than all entities that are similarly situated. Section 226.095, the commission contends, "obviously excludes all other entities that are liable to suit under [s]ection 537.600," such as cities, counties, and special road districts, which also have responsibility for streets, roads and certain highways.

8. Article III, section 40(30), of the Constitution of Missouri states:
> **Section 40. Limitations on passage of local and special laws.** The general assembly shall not pass any local or special law:
> (30) where a general law can be made applicable, and whether a general law could have been made applicable is a judicial question to be judicially determined without regard to any legislative assertion on that subject.

"A 'special law' is a law that 'includes less than all who are similarly situated ... but a law is not special if it applies to all of a given class alike and the classification is made on a reasonable basis.'" *Fust v. Attorney General for the State of Mo.*, 947 S.W.2d 424, 432 (Mo. banc 1997) (citation omitted). The question is whether section 226.095 is directed at less than all who are similarly situated.

While other entities have responsibility for certain roads, there is no other entity similarly situated to the commission. There is no other entity that has authority over all state transportation programs and related facilities as provided by law. Mo. CONST. art. IV, sec. 29. Thus, the commission's argument is without merit.

 We also consider whether section 226.095 violates article III, section 40(4) of the Missouri Constitution, in that it impermissibly regulates the practice or jurisdiction of the courts.[9]

This argument is similar to the commission's argument that section 226.095 is an unconstitutional delegation of judicial power by the legislature. Likewise, the commission's argument lacks merit, as the state's action of merely agreeing to submit to arbitration does not regulate the practice or jurisdiction of the courts, nor does it change the rules of evidence in a judicial proceeding.

## Conclusion

We uphold the constitutionality of section 226.095. The trial court's judgment in *Brian K. Murray, Jr., et al., v. Missouri Highway and Transportation Commission* is affirmed. The preliminary writ of prohibition issued in *State ex rel. Missouri Highways and Transp. Comm'n v. The Honorable John C. Brackman* is quashed.

9. Article III, section 40(4), of the Constitution of Missouri states:

**Section 40. Limitations on passage of local and special laws.** The general assembly shall not pass any local or special law:

PRICE, C.J., LIMBAUGH, WHITE, HOLSTEIN and BENTON, JJ., and WHITE–HARDWICK, Sp.J., concur.

COVINGTON, J., not participating.

(4) regulating the practice or jurisdiction of, or changing the rules of evidence in any judicial proceeding or inquiry before courts, sheriffs, commissioners, arbitrators or other tribunals....